JOHNSON, Plaintiff in error, v. STATE, Defendant in error.

*No. State 47. Argued December 4, 1970.—Decided January 8, 1971.*
(Also reported in 182 N. W. 2d 502.)

456

For the plaintiff in error there were briefs and oral argument by *James H. McDermott*, state public defender.

For the defendant in error the cause was argued by *Robert D. Martinson*, assistant attorney general, with

whom on the brief were *Robert W. Warren,* attorney general, *William A. Platz,* assistant attorney general, and *Gerald E. Clickner,* district attorney of Racine county.

HEFFERNAN, J. The state's initial motion is to dismiss the writ on the ground that the order is not a final judgment or an order in the nature of a final judgment and, therefore, is not reviewable in this court. The identical contention has been raised in the case of *Shavie v. State,* ante, p. 379, 182 N. W. 2d 505. We have therein discussed the points raised by the state and have concluded that the order in that case was reviewable by either writ of error or appeal. The same rule of law is applicable herein, and we therefore proceed to the merits of the case.

The defendant argues that he should have the right to withdraw his plea on the grounds stated in *State v. Reppin* (1967), 35 Wis. 2d 377, 151 N. W. 2d 9. His principal contention is that he entered his plea of nolo contendere on the basis of the misrepresentation of his appointed defense counsel that he would receive a sentence of probation and that he would be required to pay court costs and attorney's fees, but that he would not be committed to prison as a consequence of such plea. Such misrepresentation, he contends, constitutes a "manifest injustice" in terms of *Reppin.* He acknowledges that the burden is upon him to show by clear and convincing evidence that his conviction and sentencing constitute a "manifest injustice." Defendant argues that he has assumed that burden and that the necessary quantum of evidence was produced in the evidentiary hearing. We do not agree.

We have carefully reviewed the record, both in respect to the original proceedings and the evidentiary hearing following the motion for the withdrawal of the plea. We are satisfied that the trial judge's findings of fact are

supported by the evidence and that the record does not support the defendant's claim. The trial judge points out that, although the defendant may have assumed that he would receive probation, such expectation was based upon "hope" rather than any rational consideration. In *Pulaski v. State* (1964), 23 Wis. 2d 138, 147, 148, 126 N. W. 2d 625, we pointed out:

"If the defendant entered the plea of guilty with the hope and expectation or belief that either the punishment to which he might be exposed would be mitigated . . . those hopes, expectations, or beliefs, even though induced by his counsel or others, or as a consequence of misinterpretation of things said to him, normally would not constitute a ground for the exercise of the discretion necessary to permit the plea of guilty to be withdrawn. *People v. Manriquez* (1922), 188 Cal. 602, 206 Pac. 63, see Anno. 20 A. L. R. 1445."

Although since *Reppin* the withdrawal of a plea is a matter of right, if in fact a "manifest injustice" is shown and not a mere matter of discretion, it nevertheless remains the law that the mere expectation that a defendant will be given probation or a lighter sentence is insufficient reason upon which to base a withdrawal of a plea. The trial judge made the finding herein:

"That although the defendant may have been under the 'impression' he was to receive probation, that impression if it existed at all must have been based upon hope since there is no evidence upon which the court can find that he was promised probation by anyone. There is no evidence that the defendant's plea was induced by threats of any kind . . . . The credible evidence shows that the defendant had been advised as to the maximum sentence possible by his attorney and he in fact testified he knew he could be sent to jail for burglary."

The trial judge also made a specific finding in regard to the allegation that certain conduct or representations had been made by trial counsel which induced the defendant to plead guilty. His finding in that respect was:

". . . no rational consideration of the actions of the court, the District Attorney or the Assistant District Attorney or the defendant's attorney, John R. Brown, will support any 'understanding,' bargained or negotiated plea was in effect at the time the defendant's plea was entered."

The trial judge concluded that no credible evidence was produced to show a "manifest injustice," and he specifically found that the defendant had effective assistance of counsel. Upon the evidence and the facts so found, the trial judge held, as a matter of law, that the defendant had failed to assume the burden of showing adequate grounds for the withdrawal of the plea and that no "manifest injustice" occurred.

Although there is evidence in the record that Attorney Brown held out the hope that probation might follow the plea, the proof falls far short of showing by clear and convincing evidence that Attorney Brown induced the plea by promises or assurances of probation. Rather, he represented to his client that he thought he could make a strong case for probation and that he knew what factors the judge relied upon in making a determination to place the defendant on probation rather than imposing a prison sentence.

Many defendants plead guilty with the hope and even with the reasonable expectation of receiving a sentence of probation. The fact that these hopes are not fulfilled does not constitute a "manifest injustice."

We are satisfied that the findings of fact are supported by the record. The trial judge's conclusions of law and the order that followed must be affirmed.

The defendant argues, however, that he was denied effective counsel. He claims that, prior to the time of sentencing, his counsel knew or should have known that the defendant's opportunity for probation was slim indeed and he failed to inform his client. This argument arises primarily as the result of a presentence *in camera*

conference between the judge, the defense attorney, and the prosecutor, and without the defendant being present. The trial judge considered this conference. He made findings that at that conference Attorney Brown made a recommendation that the court impose probation, that the assistant district attorney made no recommendation in regard to sentence, and that the court gave no indication what sentence it intended to impose. The court found that, as a matter of fact, nothing in the conference gave any indication to the defense attorney that his request for probation would be denied.

Under these circumstances, we see no evidence that any information developed at the conference was withheld from the defendant which, on the basis of the facts, should at that time have induced a change of plea. We certainly cannot conclude, as the defendant urges, that the failure of counsel to inform the defendant at this juncture that he had the impression that the trial judge was not receptive to his recommendation for probation constituted a denial of effective counsel. We have frequently said that for this court to find a breach of counsel's duty, the representation must be so inadequate and of such low competency as to amount to no representation at all. *Pulaski v. State, supra.* The findings of fact of the trial judge and the record in support of those findings make it eminently clear that the defendant was not denied constitutionally effective counsel.

We are concerned, however, with the absence of the defendant from the presentence conference attended by the prosecutor and the defense attorney. At that conference, arguments were made by defense counsel urging that the defendant be placed on probation. The conference was described as a discussion of facts evidenced by the presentence investigation report. The defendant does not dispute any of the facts set forth in the presentence report. His principal argument is that, had he been present, he would have known that the judge was not

receptive to probation and could therefore have asked for a withdrawal of the plea. That contention is disposed of by the properly supported findings of the trial court that the court found that no indication was given at that conference in regard to the sentence that would be imposed.

We, accordingly, find no error in these proceedings. Nevertheless, we reiterate the admonitions made in *Ramer v. State* (1968), 40 Wis. 2d 79, 161 N. W. 2d 209, and *State v. Clarke,* ante, p. 161, 181 N. W. 2d 355. We stated in *Clarke* at page 176:

"If . . . the conference involves any issue in the case, the trial judge should be solicitous in permitting the defendant to be present. If a fair and just trial would be thwarted by his absence, his presence is mandatory."

In the instant case we do not see that a fair and just trial was thwarted by the conference, but so conclude only because the findings show that no disputed facts were at issue and no determination as to sentencing was reached in that conference. The conference constituted but a prelude to the actual sentencing hearing, which was fully reported. We, nevertheless, conclude that this is exactly the type of situation in which the trial judge should have been "solicitous" about insuring a defendant's presence in order that there not only be fairness but that there be the appearance of fairness. The sentencing procedure is an integral part of the trial; and had, in fact, this conference constituted a hearing in which the sentencing alternatives were resolved, the defendant's absence would have resulted in the denial of due process. Under the circumstances herein, however, we find no prejudice resulting to the defendant.

*By the Court.*—Order affirmed.