JACOBS, Plaintiff in error, V. STATE, Defendant in error.

*\* No. State 104. Argued February 3, 1971.—Decided March 2, 1971.* (Also reported in 184 N. W. 2d 110.)

\* See post, p. 361, involving same defendant convicted of attempted robbery while armed with a dangerous weapon.

356

For the plaintiff in error there was a brief and oral argument by *Roy W. Wilson* of Milwaukee.

For the defendant in error the cause was argued by *Kenneth J. Bukowski,* assistant district attorney of Milwaukee county, with whom on the brief were *Robert W. Warren,* attorney general, and *E. Michael McCann,* district attorney.

CONNOR T. HANSEN, J. The alleged offenses occurred at 5:45 p. m. on February 27, 1968. The plaintiff in

error (hereinafter defendant) was accused of entering a food store, announcing a holdup, firing at and wounding the proprietor's wife, and then wounding a female bystander in an exchange of gunfire with the proprietor.

The defendant was arrested the following day and charged with two counts of attempted murder and one count of attempted armed robbery. One of the charges was subsequently reduced, and the defendant was ultimately charged with one count of attempted murder (ss. 939.32 and 940.01, Stats.), and one count of endangering safety by conduct regardless of life (sec. 941.30), and one count of attempted armed robbery (sec. 943.32 (1) (a) and (2)).

Defendant was represented by appointed counsel and on June 26, 1968, the defendant was convicted on his plea of guilty to each of the three charges. He was sentenced to a term of twenty years on the attempted murder charge and five years on each of the other two charges, the sentences to run concurrently.

Defendant now contends he is entitled to a trial on the merits in the interest of justice because he did not knowingly and intelligently enter a plea of guilty. More specifically, the defendant contends that he pleaded guilty with the expectation that the original counts of attempted murder would be reduced to charges carrying a maximum of five years' imprisonment.

This court has held that a defendant should be allowed to withdraw his plea of guilty whenever such withdrawal is necessary to correct a manifest injustice. One of the factual situations illustrative of a manifest injustice occurs when the defendant did not voluntarily and intelligently enter a plea of guilty. *State v. Reppin* (1967), 35 Wis. 2d 377, 151 N. W. 2d 9.

In the affidavit in support of his motion for withdrawal of his guilty plea, defendant alleged that at the time of his arraignment he overheard a conversation between a judge of the Milwaukee county circuit court,

the district attorney, and his trial counsel, concerning the possibility of reducing the attempted murder charges to endangering safety by conduct regardless of human life; that after overhearing this conversation, defendant's counsel spoke to him about the possibility of the murder charges being reduced, and told him the maximum sentence on this new charge was five years; that the defendant failed to fully understand the above discussion; and that in pleading guilty he relied on his understanding that both charges would be reduced to endangering safety and that the trial court could find him guilty of the lesser charge, on his plea of guilty to the one count of attempted murder.

Defendant also alleged that his plea of guilty was induced by his mistaken understanding that because of his presence at the time the proprietor's wife was shot, he had to plead guilty to whatever offenses were charged against him.

The trial court, in denying defendant's motion to withdraw his plea of guilty, found the defendant voluntarily, knowledgeably and intelligently pleaded guilty after due deliberation with counsel. We agree with this finding.

A guilty plea is understandingly made if the defendant has knowledge of the essential facts and full understanding of the consequences of the plea. *Cross v. State* (1970), 45 Wis. 2d 593, 600, 173 N. W. 2d 589. In this case, the record shows the defendant was thoroughly questioned regarding his understanding of the offenses charged, the maximum sentence, and the consequences of his guilty plea.

At the outset of the hearing on his plea of guilty, the defendant was questioned regarding his understanding of the nature of the charges and the sentences which could be imposed. The defendant stated he understood what he was being charged with and that he would be found guilty of that charge on his plea of guilty. The defendant was informed of the maximum sentence on each count.

As to each offense, the defendant was asked whether, knowing that he would be found guilty on his guilty plea and knowing the maximum sentence, he wished to plead guilty. Defendant stated that he did. He also stated he understood that the maximum sentences could be imposed consecutively, and the sentence thus imposed could extend up to fifty years. The defendant further stated that no promises had been made to induce him to plead guilty and that he had given thorough consideration to his decision and had discussed the same with his attorney.

The defendant also contends that he is entitled to a trial on the merits in the interest of justice because the evidence offered at the hearing on his plea of guilty raises a reasonable doubt that the state can prove some of the elements of the crimes charged.

In *State ex rel. Burnett v. Burke* (1964), 22 Wis. 2d 486, 126 N. W. 2d 91, this court recommended that the defendant entering a plea of guilty be questioned to determine that the plea is voluntarily and intelligently made. In *Galvin v. State* (1968), 40 Wis. 2d 679, 684, 162 N. W. 2d 622, it recommended that the court hear evidence of the defendant's guilt to determine the existence of a factual basis for the plea. These recommendations were made mandatory in *Ernst v. State* (1969), 43 Wis. 2d 661, 170 N. W. 2d 713.

Although the guilty plea in this case occurred prior to the decision in *Ernst v. State, supra,* the trial court heard the testimony of a detective of the Milwaukee police department in the form of a recital of events. According to the statement made by the detective, the defendant and two companions went to the food store at approximately 5:30 p. m. on February 27, 1968, purchased a money order and a pie, and then left the store. They returned a few minutes later and the defendant and a companion entered the store with drawn and loaded .25-caliber automatics. When the defendant announced a holdup, the proprietor ran to the rear of the store and

his wife ducked down behind a counter. The defendant and his companion then fired in the direction of the woman and a bullet struck her in the head. The bullet which struck her was fired from the gun of the defendant. The defendant and his companion then ran from the store to a car driven by another accomplice. As they fled, the proprietor fired at them several times. The defendant and his companion fired back at him and one of the shots struck a female bystander.

The defendant stated that he heard the testimony of the officer; that the testimony was true; and that there was nothing he disagreed with or wished to add.

A plea of guilty is a waiver of the right to a trial and relieves the state of the burden of proving the defendant guilty beyond a reasonable doubt.

". . . [G]uilty pleas are valid if both 'voluntary' and 'intelligent.' See *Boykin v. Alabama*, 395 U. S. 238, 242 (1969). [23 L. Ed. 2d 274, 279, 89 Sup. Ct. 1709.]

"That a guilty plea is a grave and solemn act to be accepted only with care and discernment has long been recognized. Central to the plea and the foundation for entering judgment against the defendant is the defendant's admission in open court that he committed the acts charged in the indictment. He thus stands as a witness against himself and he is shielded by the Fifth Amendment from being compelled to do so—hence the minimum requirement that his plea be the voluntary expression of his own choice. But the plea is more than an admission of past conduct; it is the defendant's consent that judgment of conviction may be entered without a trial—a waiver of his right to trial before a jury or a judge. . . ." *Brady v. United States* (1970), 397 U. S. 742, 90 Sup. Ct. 1463, 25 L. Ed. 2d 747, 756.

The record in this case shows, and the trial court found, that the defendant voluntarily and intelligently pleaded guilty with sufficient awareness of the relevant circumstances and likely consequences of his plea, and we affirm the judgment and order of the trial court.

*By the Court.*—Judgment and order affirmed.