STATE, Respondent, v. ERICKSON, Appellant.

*No. State 47.  Argued December 2, 1971.—Decided January 4, 1972.*
(Also reported in 192 N. W. 2d 872.)

---

[1] *State v. Johnson* (1960), 11 Wis. 2d 130, 137, 104 N. W. 2d 379.

For the appellant there was a brief and oral argument by *Frank C. Lisheron, Jr.,* of Princeton.

For the respondent the cause was argued by *Donald W. Smith,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

ROBERT W. HANSEN, J.  A completely adequate foundation was laid for the acceptance of the plea of guilty by the trial court in this case.  (The trial court earlier rejected a plea of nolo contendere, but it was within its discretion to do just that.[1])  The defendant was

---

[1] *Brozosky v. State* (1928), 197 Wis. 446, 452, 222 N. W. 311.

represented by privately retained counsel, and testified that he was satisfied with the competency of his attorney and had had ample time to confer with him. He testified his plea was voluntarily entered without threats or promises. He was informed and stated that he understood he could be sentenced from two to ten years for the offense. The trial court determined that the defendant was a high school graduate and his decision to plead guilty was made after consultation with his attorney and parents. (Defendant's trial counsel entered the plea for his client, but this is proper procedure where not protested by the defendant.[2]) Defendant's trial counsel testified that the defendant was intelligent and well acquainted with the entire situation. The state presented a prima facie case, proving the elements of the crime charged. All applicable standards for admitting a plea of guilty were complied with.[3]

The sole basis for the claim of manifest injustice to the defendant, requiring reversal and withdrawal of the plea of guilty, relates to the statement by the trial court, at the time of sentencing, that he had ". . . consistently denied probation where there has been a sale [of heroin] involved." The argument of defendant is that any judge who has consistently denied probation to sellers or pushers of heroin must inform a defendant, charged with the sale of heroin, of such prior dispositions or consistent policy before accepting a plea of guilty. We do not find in this statement by the trial court the binding future commitment that, at no time and under no circumstances, would the court consider probation as a sentencing alternative. It describes how similar cases have been handled, but does not preclude an exception to the general

[2] *State ex rel. Derber v. Skaff* (1964), 22 Wis. 2d 269, 273, 125 N. W. 2d 561.

[3] *See: State v. Wolfe* (1970), 46 Wis. 2d 478, 491, 175 N. W. 2d 216. *See also: Ernst v. State* (1969), 43 Wis. 2d 661, 674, 170 N. W. 2d 713; *State v. Reppin* (1967), 35 Wis. 2d 377, 390, 151 N. W. 2d 9.

rule or consistent policy occurring, particularly where the presumption is that the trial judge will try each case, the sentencing phases included, on its merits.[4] However, was the defendant entitled to know of such policy, and did he suffer a "manifest injustice" when not informed of it?

Before considering broader policy questions raised by the defendant's position on this appeal, the complete reliance upon a "manifest injustice" claim requires asking whether this defendant under these circumstances has in fact been in any way unjustly treated. For a plea of guilty is to be ordered withdrawn only when ". . . such withdrawal is necessary to correct a manifest injustice. . . ."[5] It is not claimed that the defendant pleaded and was found guilty of a crime he did not commit. At the time of sentencing, his trial counsel, on his behalf, stated to the court that the defendant admitted having contributed $150 for the purchase of heroin and had been selling it. It is not claimed that the defendant was not fully informed of the range of penalties legislatively established for the crime of selling heroin. He was informed that he could be sentenced from two to ten years for the offense. In fact, the trial court advised him: "Incidentally the penalty for this offense is not less than two years nor more than ten years; do you understand that the court could invoke the maximum penalty of ten years?" It is not disputed that defendant knew that three persons, arrested for the same crime and at the same time as defendant, had each been sentenced to two years in prison. Defendant testified he knew that these three people had been arrested and charged with the same crime. At the time of entry of his plea of guilty, he knew that each had pleaded guilty and each had been sentenced to two years

[4] *Milburn v. State* (1971), 50 Wis. 2d 53, 62, 183 N. W. 2d 70.
[5] *Jacobs v. State* (1971), 50 Wis. 2d 355, 357, 184 N. W. 2d 110.

in prison. It is true as this court has stated: "Many defendants plead guilty with the hope and even with the reasonable expectation of receiving a sentence of probation. . . ." [6] Here the known disposition of the three other cases, involving the same charge and situation, would hardly leave probation as a "reasonable expectation." However, whether the expectation is reasonable or unreasonable, "[t]he fact that these hopes are not fulfilled does not constitute a 'manifest injustice.' " [7] On the facts here, as to this defendant, we find no evidence of an injustice, manifest or otherwise.

Essentially, what we are asked to do on this appeal is to require trial judges in this state, prior to accepting a plea of guilty, to inform the defendant as to what sentence is likely to be imposed or, at least, what sentencing alternatives are unlikely to be considered in view of the nature of the charge or the prior dispositions of similar cases in the same court. There are strong and compelling reasons for not so doing. It is true that this court has insisted that a plea of guilty be voluntarily and intelligently made ". . . with sufficient awareness of the relevant circumstances and likely consequences of his plea . . . ." [8] However, the reference to "likely consequences" referred to a requirement of a nonwithdrawable plea, made earlier by this court, that the plea was entered with " '. . . knowledge of the charge [and] that the sentence actually imposed could be imposed.' " [9] The insistence was that the defendant be informed of the full range of statutorily authorized

[6] *Johnson v. State* (1971), 49 Wis. 2d 455, 460, 182 N. W. 2d 502.

[7] *Id.* at page 460.

[8] *Jacobs v. State, supra,* at page 360.

[9] *Ernst v. State, supra,* at page 666, citing *State v. Reppin, supra,* and adding at page 672: "The record is clear that the defendant, when he entered his pleas, had knowledge of the charges and knew that the sentences actually imposed could be imposed."

penalties for commission of the crime charged, particularly the maximum sentence possible.

The *Jacobs Case* makes clear what "knowledge of the essential facts and full understanding of the consequences of the plea" [10] encompasses by detailing what information was furnished the defendant in that case, prior to the acceptance of his plea of guilty:

"At the outset of the hearing on his plea of guilty, the defendant was questioned regarding his understanding of the nature of the charges and the sentences which could be imposed. The defendant stated he understood what he was being charged with and that he would be found guilty of that charge on his plea of guilty. The defendant was informed of the maximum sentence on each count. As to each offense, the defendant was asked whether, knowing that he would be found guilty on his guilty plea and knowing the maximum sentence, he wished to plead guilty. Defendant stated that he did. He also stated he understood that the maximum sentences could be imposed consecutively, and the sentence thus imposed could extend up to fifty years. The defendant further stated that no promises had been made to induce him to plead guilty and that he had given thorough consideration to his decision and had discussed the same with his attorney." [11]

The defendant, at the time of entry of plea, is entitled to know what might or could happen to him, but not to an advance indication of what will happen.

The reason for the firm rejection of the suggestion that a judge ought, or ought even be permitted, to make an advance indication of what sentence is likely or probable is twofold. The first goes to the integrity of the sentencing function. Here the defendant requested and the court directed that a full presentence investigation be made. In addition, the state's prima facie case, subsequent to the entry of plea, informed the court of the exact nature of the crime committed. Addition-

[10] *Jacobs v. State, supra,* at page 358.
[11] *Id.* at pages 358, 359.

ally, the statement of the defendant, the arguments of his attorney, as well as those of the prosecutor, were all before the court before sentence was pronounced. It was on the basis of all these facts and factors, presented to the judge prior to sentencing, that sentence was determined. Only when all pertinent facts are before it can a court best balance all of the factors involved in choosing between alternatives available as to the sentence to be imposed. This court has commented that a sentencing court is to ". . . consider the nature of the particular crime, *i.e.*, the degree of culpability—distinguishable from the bare-bones legal elements of it—and the personality of the criminal. . . ." [12] The discharge of such responsibility would not be aided by encouraging, much less requiring, a trial court to state, at the time of entry of plea, what the outcome of the sentencing process may or will probably be.

The second and equally compelling reason for not entitling defendants to be told, at time of entry of plea, what sentence will probably be imposed is the rule or policy in this state against participation by judges in so-called "plea bargains." Whatever may be the policies or procedures elsewhere, this court has firmly stated that a trial judge is not to participate in plea bargaining. [13] Without repeating the reasons for this court banning what it termed "[t]he vice of judicial participation in the plea bargaining," [14] it is by now crystal clear that ". . . this state has rejected the suggestion that 'plea bargaining' can invade or affect the sentencing process . . . ." [15] We have said that ". . . defendants are understandably more concerned with what will hap-

[12] *McCleary v. State* (1971), 49 Wis. 2d 263, 271, 182 N. W. 2d 512.

[13] *State v. Wolfe, supra,* at pages 487, 488.

[14] *Id.* at page 488.

[15] *Farrar v. State* (1971), 52 Wis. 2d 651, 655, 191 N. W. 2d 214.

pen to them upon conviction than with what could or might happen. The assurance of their not going to prison at all is more precious than the nature of the charge or length of sentence. . . ." [16] This we acknowledged in the *Farrar Case* but reiterated: "In Wisconsin, the entire sentencing process is to be a search for the truth and an evaluation of alternatives. Any advance understanding between prosecutor and defendant must not involve the trial judge . . . ." [17] It is a reverse side of the same coin to state that a defendant, at the time of entry of a plea of guilty, is not entitled to an advance indication of what the sentence in the particular case is likely to be. Even if in earlier cases of a similar nature, the particular judge has consistently rejected probation as a sentencing alternative, he is not required, nor is he to be encouraged, to discuss the disposition of such earlier cases as part of the acceptance of a plea of guilty. In view of the serious nature of selling heroin—the public interest in combatting heroin traffic, the fact that imprisonment is statutorily mandated for second offenders, [18] the cost in human lives and human suffering from the spread of heroin addiction—we doubt that many courts, in this state or elsewhere, are likely to grant probation to convicted heroin pushers or hard drug dealers. Whether they do or not, we hold that, at the time of entry of a plea of guilty, a defendant in this state is not entitled to information either as to how similar cases were disposed of in the past or any advance indication of what sentence may be imposed or considered appropriate in his case.

*By the Court.*—Order affirmed.

---

[16] *Id.* at page 655.

[17] *Id.* at page 657.

[18] Sec. 161.28 (1), Stats., provides in part: "(1) Any person who violates s. 161.02 (1) [relating to sale of heroin] may be imprisoned not less than 2 nor more than 10 years. . . Except for a first offense sentence shall not be withheld or its execution stayed . . . ."