STATE, Respondent, v. McKNIGHT, Appellant.

*No. State 123.  Argued October 29, 1974.—Decided November 26, 1974.*
(Also reported in 223 N. W. 2d 550.)

---

588

For the appellant there were briefs by *John J. Valenti, Earl A. Hagen* and *Valenti, Flessas & Koconis,* all of Milwaukee, and oral argument by *John J. Valenti.*

For the respondent the cause was argued by *David J. Becker,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

HANLEY, J. Three issues are presented on appeal:

1. Were the pleas of guilty entered and induced as a result of the trial court's failure to completely advise the defendant as to the consequences thereof?

2. Should the defendant have been permitted to withdraw his pleas of guilty prior to sentencing?

3. Did the trial court err in failing to appoint a physician to examine the defendant under sec. 971.14, Stats?

*Consequences of the guilty plea.*

The defendant contends that the trial court should have informed the defendant that by pleading guilty there would be such a material change of circumstances that it would be compelled upon a subsequent bail review to not only deny bail, but also to revoke all outstanding bail and order the defendant held in the county jail without bond pending sentencing.

The defendant argues that "basic judicial fairness" required the trial court to inform the defendant as to what its position on bail would be because it must have known

what its position would be and it knew the defendant's only purpose for requesting the hearing was to obtain a bail review.

The premise that the court knew that the only purpose for the hearing was to review the bail is not supported by a fair reading of the record. The record indicates that the trial court apparently considered that the matter of consolidation was the primary object of the November 7th hearing. When the defendant's case was called on November 7, 1973, the trial court indicated: "I understand there is before the Court a matter of consolidation or at least there are papers filed." At the beginning of the hearing during which the defendant eventually changed his plea, the court referred to the matter of consolidation. When Mr. Valenti brought up the matter of bail, the court said it felt consolidation was unrealistic because of the defendant's plea of no contest. Mr. Valenti agreed and asked if the plea could be changed at the time.

From the record, then, it is difficult to find either that the court was aware that defendant's only purpose for the hearing on November 7, 1973, was to have his bail reviewed or that defendant was induced to plead guilty because he felt that it was the only way to have the question of bail brought before the court.

In *Drake v. State* (1969), 45 Wis. 2d 226, 233, 172 N. W. 2d 664, this court stated:

"The inquiry that the trial court is required to make relates solely to the voluntariness of the plea or waiver, and to their being knowledgeably and intelligently made. The decision as to waiver or plea is for the defendant to make. He is not required to state his reasons, and the court is not required to locate them."

The *Drake Case* and *Seybold v. State* (1973), 61 Wis. 2d 227, 212 N. W. 2d 146, recognize that the fact that an element of compulsion exists does not necessarily render guilty pleas involuntary. In *Drake,* the defendant's desire

to plead guilty in order to avoid his wife's implication in his jail break was found to be a self-imposed coercive element which did not destroy the voluntariness of his plea. In *Seybold*, it was held that even assuming that the defendant was promised that if he pled guilty his wife would be given probation, this would not, ipso facto, render the plea involuntary.

In *Rahhal v. State* (1971), 52 Wis. 2d 144, 151, 187 N. W. 2d 800, this court stated:

". . ., [A] plea otherwise valid is not involuntary because induced or motivated by the defendant's desire to get the lesser penalty."

Under the reasoning of these cases, even if the defendant's plea was motivated by a desire to have his bail reduced, this would not render the plea involuntary.

Additionally, the standards relating to the acceptance of guilty pleas as set forth in *Ernst v. State* (1969), 43 Wis. 2d 661, 170 N. W. 2d 713, do not require the trial court to tell the defendant exactly what will happen to him upon acceptance of the plea of guilty. This point was made clear in *State v. Erickson* (1972), 53 Wis. 2d 474, 192 N. W. 2d 872. There the defendant had pled guilty to a charge of selling heroin. When he appeared before the court for sentencing, the trial court said that it consistently denied probation where the sale of heroin was involved. The defendant, in seeking a reversal and withdrawal of his plea, argued that any judge who consistently denied probation to sellers of heroin must inform one charged with its sale of such prior dispositions or consistent policy before accepting the plea of guilty and that the failure to do so constituted a manifest injustice. In rejecting this argument, this court said:

"The defendant, at the time of entry of plea, is entitled to know what might or could happen to him, but not to an advance indication of what will happen." *State v. Erickson, supra,* at page 480.

Although this case dealt with the sentence imposed upon the defendant, it would apply equally to fixing bail pending sentence.

The acceptance of defendant's plea, then, was not error. The trial court owed no duty to question defendant as to why he was entering it after it was determined that it was voluntarily being done.

*Withdrawal of guilty plea.*

The question of the withdrawal of a guilty plea prior to sentencing was fully discussed in *Libke v. State* (1973), 60 Wis. 2d 121, 208 N. W. 2d 331. After noting that it should be easier to withdraw a guilty plea before sentencing than after, this court reaffirmed its approval and adoption of sec. 2.1 (b) of the American Bar Association *Standards Relating to Pleas of Guilty*. That section provides in part:

". . . Before sentence, the court in its discretion may allow the defendant to withdraw his plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea."

The "fair and just reason" test was said to contemplate the mere showing of some adequate reason for defendant's change of heart.

The defendant correctly points out that there are decisions which hold that a motion to withdraw a guilty plea made prior to sentencing should be permitted as a matter of course, absent a showing that the prosecution would be substantially prejudiced. *See, for example, Commonwealth v. Santos* (1973), 450 Pa. 492, 301 Atl. 2d 829. This court was aware of such decisions at the time of the decision in *Libke v. State, supra,* at page 128.

While some courts have gone this far, others have not. In *United States v. Webster* (9th Cir. 1972), 468 Fed. 2d

769, 771, certiorari denied, 410 U. S. 934, 93 Sup. Ct. 1385, 35 L. Ed. 2d 597, the circuit court of appeals said:

"It has long been clear that leave to withdraw a guilty plea should be freely granted prior to sentencing where there is a fair and just reason for doing so, *Kercheval v. United States*, 274 U. S. 220, 47 S. Ct. 582, 71 L. Ed. 1009 (1927) ; *Kadwell v. United States*, 315 F. 2d 667 (9th Cir. 1963). It is equally clear, however, that withdrawal is not an absolute right and that the determination of whether it is to be permitted is committed to the sound discretion of the district court and will be reversed only for an abuse of that discretion."

In this case the defendant has not presented a "fair and just reason" for withdrawal of his pleas. Therefore, the trial court did not abuse its discretion in denying the motion to withdraw those pleas. The defendant argues that he was induced to plead guilty in return for a bail hearing and in the trial court he informed the court orally and in his motion that his attorney advised him that he would have to plead guilty before he could get a bail hearing. Furthermore, he asserts that he did not understand the proceedings.

While under certain situations these reasons may be sufficient to support a motion to withdraw a guilty plea, the failure to grant that motion in this case does not amount to an abuse of discretion. Here, the initial charge was brought on January 2, 1973. The defendant pled guilty on November 7, 1973. At the time defendant changed his plea to guilty, the trial court indicated its concern that the change of pleas was properly considered by the defendant. It said prior to the change of pleas:

"I would want the record to show that Mr. McKnight has anticipated changing his plea from not guilty to guilty for a considerable period of time. This is an important decision and I would want the charge to have been deliberated over by Mr. McKnight for a considerable time."

When questioning the defendant as to the voluntariness of the plea, the court asked how long he had contemplated changing his plea. The defendant replied "three or four weeks." This statement is supported by the consent for consolidation signed by the district attorney of Milwaukee county which states that on October 2, 1973, the defendant applied for consolidation under sec. 971.09, Stats., which necessarily involves pleading guilty to the charges. Considering these facts, it would not be an abuse of discretion to deny the motion based on defendant's assertion that he was induced to plead guilty to have a bail hearing.

With regard to the defendant's understanding of the proceedings against him, it should be noted that all of the way through these proceedings the defendant indicated he did understand what was happening. At the hearing scheduled to hear evidence with regard to sentencing, the defendant brought up his not understanding the proceedings for the first time before the court. At the same time defense counsel presented a motion the defendant prepared, which, from the court's discussion of it, would indicate that he understood the proceedings. Previously the defendant had pointed out to the court that jurisdiction over the Milwaukee county charges had been transferred to Waukesha county by virtue of the consolidation. This indicates a personal understanding of the proceedings.

*Question of defendant's competency.*

The Wisconsin procedure regarding a determination of the defendant's competency is set forth in sec. 971.14, Stats. It provides that "whenever there is reason to doubt a defendant's competency to proceed," the court must appoint at least one physician to examine the defendant or order the defendant committed to a state or county hospital or other suitable facility for the purpose

of examination. Prior to such an examination there must be either a determination of probable guilt or an adjudication of guilt. Because the defendant had pled guilty in this case, such a hearing to determine probable guilt would be unnecessary.

It is obvious, however, that "extensive hearings and thorough psychiatric examinations are not vital prerequisites to the prosecution of every criminal case." *Grissom v. Wainwright* (5th Cir. 1974), 494 Fed. 2d 30, 31. Before the competency of the defendant at the time of the proceedings must be looked into, there must be some evidence raising doubt as to his competence or a motion for a determination on the question setting forth the grounds for belief that such competency is lacking. *Nathaniel v. Estelle* (5th Cir. 1974), 493 Fed. 2d 794.

The defendant here contends that the suggestion by counsel was sufficient to raise the question and thereby require the appointment of a physician to examine the defendant. We disagree. The suggestion of competency must be supported by facts giving rise to the doubt.

In this case the only factual basis for the requests for an examination were the defendant's own statements that he didn't understand the proceedings. At the same time defendant was claiming he didn't understand the proceedings, he was submitting a motion he prepared for withdrawal of his guilty plea. The motion was of such a nature to indicate to the court that the defendant did understand what the proceedings were about. The defendant had also written the court about matters relating to his bail which also led the court to believe that he had sufficient understanding of the proceedings.

The defendant points to the trial court's references to "reasonable doubt," while sec. 971.14, Stats., refers to "reason to doubt;" the inference being that the trial court applied the wrong standard. We think the trial court's finding of "no reasonable doubt" as to the defendant's

competency to proceed is tantamount to a finding that there is no "reason to doubt" the defendant's competency to proceed. Therefore, the standard set forth in sec. 971.14 was in fact applied by the trial court in rejecting defendant's request.

From the record in this case we conclude that the trial court did not abuse its discretion in denying the defendant's motion to withdraw his pleas of guilty or in refusing to appoint a physician to examine the defendant to determine his competency to proceed.

*By the Court.*—Judgment affirmed.