STATE of Wisconsin, Plaintiff-Respondent,

v.

Lauri MOHR, Defendant-Appellant.

Court of Appeals

*No. 95–2186–CR. Submitted on briefs March 25, 1996.—Decided April 17, 1996.*

(Also reported in 549 N.W.2d 497.)

On behalf of the defendant-appellant, the cause was submitted on the brief of *Mark D. Richards* of *Richards & Reisterer, S.C.*, of Racine.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Sharon Ruhly*, assistant attorney general.

Before Anderson, P.J., Brown and Nettesheim, JJ.

BROWN, J. Lauri Mohr claims that she should be allowed to withdraw her no contest plea to cocaine distribution charges. She primarily maintains that the trial court did not inquire into her knowledge of the presumptive minimum sentence and she therefore did not knowingly and voluntarily enter the plea. We reject the State's claim that the trial court was only required to inform her of the maximum sentence. We hold that Mohr has made a prima facie showing of an error during the plea hearing. Nevertheless, we uphold Mohr's plea because the record reveals that she knew about the presumptive minimum sentence despite the flaws in the colloquy.

In September 1994, the State charged Mohr with possession of cocaine with intent to distribute in an amount between fifteen and forty grams. *See* § 161.41(1m)(cm)3, STATS. The State also alleged that Mohr was a repeat offender because of a marijuana conviction in 1983. *See* § 161.48, STATS.

The complaint reveals that the police seized one-half gram of cocaine from Mohr. It also contains a description of some of her earlier deals, including Mohr's admission that she sold a quarter ounce of cocaine a few days before her arrest.

At a hearing in February 1995, the State reduced the charge to possession of between five and fifteen

grams of cocaine, *see* § 161.41(1m)(cm)2, STATS. , but retained the repeat offender allegation. Mohr then entered a no contest plea to these charges. The trial court accepted it and entered judgment against her. The trial court later sentenced Mohr to two years imprisonment in accordance with the presumptive minimum.

In June 1995, Mohr moved the trial court to allow her to withdraw the plea. During the hearing that followed, Mohr argued that she lacked knowledge about the presumptive minimum sentence when she entered her plea. She claimed that she was led to believe that she would get probation on her charges, not the mandatory two-year minimum. After considering her testimony and the testimony of the attorney who represented her at the plea hearing, the trial court rejected Mohr's motion. More information about the plea hearing and other relevant facts will be set forth in our analysis.

■

Mohr now contends that the trial court erred when it did not allow her to withdraw the plea. We employ a two-step process when testing a trial court's conclusion on this question. *See State v. Bangert*, 131 Wis. 2d 246, 389 N.W.2d 12 (1986). First, we read the plea hearing transcript to measure if the defendant has made a prima facie showing that the trial court did not meet the procedures mandated by § 971.08, STATS. *See Bangert*, 131 Wis. 2d at 274, 389 N.W.2d at 26. If the defendant meets this burden, we then test whether the State has nevertheless shown through clear and convincing evidence that the defendant entered the plea knowingly, voluntarily and intelligently. *See id.*

Mohr was made aware of the range of possible sentences in two ways. First, she and her attorney

went over a plea questionnaire. While it stated that the maximum penalty on her charges was thirty years imprisonment coupled with a one million dollar fine, it did not mention the minimum sentence of two years. There was, however, some discussion about the two-year minimum at the hearing:

> [Court] Okay. And do you understand that [your prior offense] enhances the sentence? Ordinarily this offense would have been fifteen years?
>
> [Prosecutor] Right, one to fifteen.
>
> [Court] One to fifteen, and now the maximum now becomes up to thirty years on this charge; do you understand that?
>
> [Prosecutor] Two to thirty.
>
> [Court] There is a presumptive minimum of two years?
>
> [Prosecutor] Yes.
>
> [Court] Two years to thirty years, and a fine up to one million dollars, and is this the revocation of license?
>
> [Prosecutor] Yes, Judge.
>
> [Court] Revocation of your license for at least six months, up to five years; do you understand that?
>
> [Mohr] Yes, I do.
>
> [Court] How do you want to plea to this charge, ma'am?
>
> [Mohr] No contest.

Pointing to this excerpt, Mohr claims that the hearing was deficient. She argues that the court did not personally relate to her that it was accepting the corrections suggested by the prosecutor and did not

personally inquire about *her* understanding. Mohr contends that the transcript only shows, at best, that the court confirmed that Mohr understood that she would lose her driver's license for at least six months.

In response, the State argues that trial courts need only confirm that the defendant understands the *maximum* sentence. The State essentially argues that Mohr's possible confusion about the presumptive minimum sentence is irrelevant to whether her plea was knowingly made. The State observes that the questionnaire informed Mohr about the maximum sentence. Moreover, it adds that the trial court diligently inquired into whether Mohr understood the contents of the questionnaire containing information about the maximum sentence. It concludes that the trial court fulfilled its responsibility and that analysis of the first *Bangert* prong must be resolved in the State's favor.

We acknowledge the line of authority that says a plea colloquy is sufficient when the defendant is informed of the "maximum penalty." *See Garski v. State*, 75 Wis. 2d 62, 75-76, 248 N.W.2d 425, 432-33 (1977) (collecting cases); *see also* WIS J I—CRIMINAL SM-32 cmt. 2 (citing *State v. Bartelt*, 112 Wis. 2d 467, 334 N.W.2d 91 (1983)). But mandatory minimum sentences disappeared from our statutes in 1971 and have only recently been resurrected in the form of "presumptive" minimums. *See* Laws of 1971, ch. 219 (repealing § 161.28, STATS., 1969) and 1989 Wis. Act 121 § 53m (creating § 161.438, STATS.). We thus give no credence to those cases decided during the period when minimum sentences were not on the books. It would simply be without any logical basis to assume that when our supreme court was mandating the need for notice of the maximum sentence, it was also deciding

that any presumptive minimum sentence would not have to be communicated.

We have found one case, *State v. Erickson*, 53 Wis. 2d 474, 192 N.W.2d 872 (1972), where the supreme court examined a plea to drug charges carrying a mandatory minimum sentence of the type that appeared in our statutes prior to the 1971 repeal. But there is nothing within that decision which suggests that the court even considered whether the defendant should be informed about the minimum sentence. In fact, since the decision noted that the court had made sure that the defendant "understood he could be sentenced from two to ten years," the decision could be read to acknowledge the importance of informing the defendant of both the maximum and the minimum sentence. *See id.* at 477, 192 N.W.2d at 874.

We conclude that prior case law has not decided the precise question of whether the trial court's duty at a plea hearing includes clarifying that the defendant is subject to a presumptive minimum sentence. However, while the exact question may be a new one, our review of case law involving trial court responsibilities at the plea hearings convinces us that trial courts must assess the defendant's awareness of the presumptive minimum sentence.

■

A plea may be involuntary because the defendant does not have a complete understanding of the charge. *Bangert,* 131 Wis. 2d at 265, 389 N.W.2d at 22. This includes the penalty. At the time of the entry of plea, a defendant is entitled to know what might or could happen to him or her. *Erickson,* 53 Wis. 2d at 480, 192 N.W.2d at 875-76. That is why case law requires that notice of the maximum sentence must be given. *See Bartelt,* 112 Wis. 2d at 475, 334 N.W.2d at 94. It is also

why case law should require that notice of the presumptive minimum also be given.

Mohr, in particular, was entitled to know that the law presumes she will be sentenced to at least two years in prison unless she convinces the court that the best interests of the community would be served and the public would not be harmed by probation or a lesser sentence. Section 161.438, STATS. Neither the plea colloquy nor the plea hearing form referred to by the trial court during the plea contained this information.[1] The first prong of the *Bangert* analysis cannot be decided in the State's favor and we move to the second *Bangert* prong.

The second prong asks whether, in spite of the error, Mohr nonetheless knew enough about the presumptive minimum prison sentence to support a conclusion that she knowingly entered the plea. *See Bangert*, 131 Wis. 2d at 274-75, 389 N.W.2d at 26. The trial court's determination on this second prong is subject to deference. We may not reverse unless the court misused its discretion. *State v. Spears*, 147 Wis. 2d 429, 434, 433 N.W.2d 595, 598 (Ct. App. 1988).

The trial court never made an express finding that Mohr indeed knew about the presumptive two-year

---

[1] We suggest that during a plea colloquy involving a presumptive minimum, the sentencing court inquire whether the defendant is aware of: (1) the maximum sentence; (2) the presumptive minimum sentence; and (3) the circumstances under which the court may, in its discretion, deviate from the presumptive minimum. *See* § 161.438, STATS. Alternatively, we suggest that this information be included in the *Moederndorfer* form. *State v. Moederndorfer*, 141 Wis. 2d 823, 416 N.W.2d 627 ( Ct. App. 1987).

minimum and thus knowingly entered her plea. Still, we are bound to look for evidence in the record to support its ruling. *See State v. Schmitt*, 145 Wis. 2d 724, 734, 429 N.W.2d 518, 522 (Ct. App. 1988) (describing how appellate court looks for evidence to uphold trial court's exercise of discretion).

Our examination of the record reveals two facts supporting the trial court's ultimate conclusion. First, Mohr's former attorney testified that she discussed the minimum sentence issue with Mohr before the hearing. In particular, Mohr's attorney explained the meaning of a presumptive minimum sentence. She remembered taking out the statute book and discussing the pertinent statute with Mohr. She told Mohr that probation was still a possibility although it was something that probably would not occur.

Second, Mohr admitted during the postconviction evidentiary hearing that she "heard" the court and the prosecutor discuss the presumptive minimum sentence of two years. Based on these facts, we conclude that Mohr was cognizant of and understood the meaning of a presumptive minimum sentence before her plea hearing and that she was also able to augment her understanding from the discussions between the court and the prosecutor which took place before her. The court did not err in its decision to uphold the plea.

Finally, we note that Mohr also makes a passing reference in her argument on the second *Bangert* prong to the discrepancy between the amount of cocaine the police found in her possession, i.e., one-half gram, and her plea to a charge involving between five and fifteen grams. She seems to argue that she thought she was only pleading to possession of one-half gram and the court's failure to clarify or verify the factual basis for

her plea to a greater amount provides an alternative reason to charge it with a misuse of discretion.

However, Mohr has not pointed to any part of the plea transcript which would reveal why she was confused about this issue during the plea hearing. Moreover, even if we assume that there was some flaw in the hearing, the trial court's analysis of this issue at the postconviction evidentiary hearing satisfies us that Mohr understood the factual basis supporting the charges.

At the evidentiary hearing, the trial court turned to the statement that Mohr allegedly made to the police admitting recent cocaine deals in greater amounts than the one-half gram found on her possession at the time of her arrest. It asked Mohr whether she now denied the statement and asked her why she decided not to go to trial on the issue of whether she was only guilty of possessing a small amount and not the amount alleged in the complaint. Mohr did not deny having made the confession but claimed that she was "set up." She acknowledged that she could not have produced a witness to prove her assertion of a set-up and that is why she declined to press the claim at a trial.

Faced with the record of the trial court's investigation into the conflict between Mohr's theory of the facts and the allegations made in the complaint, we are satisfied that the court's conclusion to uphold the plea was a proper use of its discretion. It could reasonably rely on the facts alleged in the complaint to satisfy itself that Mohr met the five to fifteen grams element. *See Bangert*, 131 Wis. 2d at 276, 389 N.W.2d at 27 ("A postconviction review of all relevant evidence may reflect that the plea was constitutionally sound . . .

703

.")· While Mohr was only willing to admit to possessing one-half gram at the postverdict hearing, the complaint alleged that she had sold a quarter ounce (about seven grams) a few days before her arrest. The court was free to rely on these allegations and Mohr's acknowledgement that they would be difficult to rebut to reach a conclusion that Mohr understood the factual underpinnings to the charges.

By the Court.—Judgment and order affirmed.