**COURT OF APPEALS
DECISION
DATED AND FILED**

**September 25, 2025**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP1533-CR**

Cir. Ct. No. 2020CF392

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

---

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

 V.

JOSE LUIS ZUNIGA,

    DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Rock County: KARL HANSON, Judge. *Affirmed.*

Before Graham, P.J., Blanchard, and Taylor, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Jose Zuniga appeals a judgment of conviction and an order denying his postconviction motion to withdraw his guilty plea. Zuniga

argues that his plea was not knowing, intelligent, and voluntary because the circuit court did not inform him during the plea colloquy of the presumptive minimum sentence for one of the charges to which he pled guilty—which was to be imposed unless the court found a compelling reason not to do so and placed that reason on the record—and because Zuniga was not aware of the presumptive minimum when he entered his plea. The court denied Zuniga's motion based on its determination that the State proved by clear and convincing evidence that Zuniga was in fact aware of the presumptive minimum when he entered his plea. Because we conclude that Zuniga fails to show that this factual finding was clearly erroneous, we affirm.

¶2 The criminal complaint alleged that Zuniga, after using drugs and drinking alcohol on May 15, 2020, drove a Cadillac Escalade at approximately 80 miles per hour on a city street. Zuniga fled from police who tried to conduct a traffic stop, then collided with a smaller vehicle, pinning it to a building. One of the three people in the smaller vehicle died as a result of the crash, and the other two suffered significant injuries. The State charged Zuniga with offenses that included, as pertinent here, homicide by intoxicated use of a vehicle.

¶3 Zuniga reached a plea agreement with the State. Pursuant to the agreement, Zuniga pled guilty to charges that included homicide by intoxicated use of a vehicle, and the prosecution dismissed and read in for sentencing purposes the various other charges. The parties further agreed that each side could recommend any sentence, so long as the State's recommendation did not exceed ten years of initial confinement and ten years of extended supervision. At the plea hearing in April 2021, the circuit court asked Zuniga whether he had read the criminal complaint, and Zuniga responded that he had. The court said that Zuniga "could face … 25 years of incarceration" if convicted, but it did not explicitly

mention during the plea hearing the presumptive minimum penalty that follows a conviction for homicide by intoxicated use of a vehicle.[1]  The court sentenced Zuniga to fifteen years of initial confinement followed by ten years of extended supervision.

¶4      Zuniga filed a postconviction motion seeking to withdraw his guilty plea.  He alleged that neither his trial counsel in advance of the plea hearing, nor the circuit court at the time of the plea hearing, had informed him of the five-year presumptive minimum penalty for homicide by intoxicated use of a vehicle and that at the time of the plea he was "entirely clueless about any such presumptive minimum."  Zuniga further asserted that he "would not have entered into the plea agreement with the State had he understood the presumptive minimum existed."

¶5      The circuit court conducted a hearing on Zuniga's motion at which both trial counsel and Zuniga testified.

¶6      Trial counsel testified that, "at some point" before the plea hearing, counsel "mentioned the mandatory minimum" to Zuniga, although counsel did not "have any independent recollection of a date, time, [or] location of that actually occurring."  Trial counsel also testified that, in advance of the plea, he provided a

---

[1] WISCONSIN STAT. § 940.09(1c)(a) (2023-24) provides that a person convicted of homicide by intoxicated use of a vehicle "shall" be sentenced to a term of confinement in prison of "at least 5 years except that a court may impose a term of confinement that is less than 5 years if the court finds a compelling reason and places its reason on the record."  This is more appropriately characterized as a "presumptive minimum" than a "mandatory minimum," although the parties used the terms interchangeably at the hearing on Zuniga's postconviction motion.

All references to the Wisconsin Statutes are to the 2023-24 version.

The criminal complaint, information, and amended information in this case all accurately quoted the statutory language regarding the presumptive minimum.

copy of the criminal complaint, information, and amended information to Zuniga, each of which stated that a person convicted of homicide by intoxicated use of a vehicle "shall" be sentenced to a "term of confinement in prison … [of] at least 5 years," absent a compelling reason found by the sentencing court and placed on the record. In addition, trial counsel agreed that at an August 2020 status conference conducted by videoconference in advance of the plea hearing, the circuit court advised Zuniga of the "mandatory minimum" associated with a conviction for homicide by intoxicated use of a vehicle. Trial counsel recalled that the court displayed the amended information on the shared screen during that conference, scrolling through the document while reviewing it.

¶7 In his testimony, Zuniga denied that trial counsel ever gave him copies of any documents or told him that he was facing at least the presumptive minimum initial confinement period. Zuniga acknowledged that he was present for his May 2020 initial appearance, approximately eleven months before his plea hearing, but testified that he did not remember the circuit court telling him that, if convicted, he would receive a sentence of "at least five years." Zuniga also acknowledged that the criminal complaint included information about the presumptive minimum penalty. He initially testified that he did not see the complaint until after he entered his plea. On further questioning, however, he confirmed that he had responded "Yes, sir" to the court's question at the plea hearing about whether he had read the criminal complaint. Zuniga then testified, "If it was in the report, then I [read] it." On redirect, Zuniga testified that he "must have missed" the information about the presumptive minimum.

¶8 The circuit court denied Zuniga's motion in an oral ruling. The court found that trial counsel credibly testified that he had provided Zuniga with the criminal complaint, information, and amended information in advance of the

plea hearing, each of which accurately reflected the presumptive minimum, and that trial counsel had reviewed the maximum and minimum penalties of the charges with Zuniga. In contrast, the court did not find credible Zuniga's testimony that he "somehow overlooked or missed" the information regarding the presumptive minimum penalty, noting the inconsistency in Zuniga's testimony about whether he had read the criminal complaint before entering his plea. In addition to this testimony, the court relied on the transcripts of Zuniga's May 2020 initial hearing and August 2020 status conference, which reflect that the court orally informed Zuniga of the presumptive minimum on both occasions. Zuniga appeals.

¶9 In order to satisfy due process, a guilty plea must be entered knowingly, voluntarily, and intelligently. *State v. Bangert*, 131 Wis. 2d 246, 257, 389 N.W.2d 12 (1986). Among the duties of the circuit court in ensuring that a plea is knowing and intelligent is to confirm during the plea hearing that a defendant understands if he is subject to a presumptive minimum sentence. *State v. Mohr*, 201 Wis. 2d 693, 700, 549 N.W.2d 497 (Ct. App. 1996). If a defendant meets the burden of showing that the circuit court did not do so at the plea hearing, we must determine whether the State has nevertheless shown through clear and convincing evidence that "in spite of the error, [the defendant] nonetheless knew enough about the presumptive minimum prison sentence to support a conclusion that [he] knowingly entered the plea." *Id.* at 697, 701.

¶10 "[T]he issue of whether a plea was knowingly and intelligently entered presents a question of constitutional fact." *State v. Bollig*, 2000 WI 6, ¶13, 232 Wis. 2d 561, 605 N.W.2d 199. We review independently the question of whether the plea satisfies the constitutional standard, but we will not disturb the circuit court's factual findings unless they are clearly erroneous. *Id.* The circuit

court's decision on a plea withdrawal motion is discretionary; it will be sustained unless the court erroneously exercised its discretion, and we are to look for evidence in the record to support its ruling. *Mohr*, 201 Wis. 2d at 701-02.

¶11 Here, the State acknowledges, as it must, that the circuit court did not confirm Zuniga's knowledge of the presumptive minimum penalty for homicide by intoxicated use of a vehicle at the plea hearing. The State argues, however, that it met its burden to show that Zuniga's plea was knowingly and intelligently entered because it showed by clear and convincing evidence that Zuniga was aware of the five-year presumptive minimum. We conclude that the State met its burden.

¶12 First, the circuit court credited Zuniga's trial counsel testimony that he discussed the presumptive minimum with Zuniga and that he provided Zuniga with the criminal complaint, information, and amended information, all of which included the presumptive minimum. While counsel's testimony lacked some detail about the time and manner of these communications, the circuit court expressly found that trial counsel was "clear and candid" about what he remembered and that the court "would have been surprised if he did remember all of the details" given the "scope of his practice … and the passage of time." In the court's view, the fact that trial counsel "didn't try to embellish here [or] make something up" regarding the details of his communication and delivery of the relevant documents made counsel all the more credible that he discussed the presumptive minimum with Zuniga and gave Zuniga all three documents. We generally do not question the credibility determinations of the circuit court, which, unlike this court, has the opportunity to observe the demeanor of witnesses and to gauge the persuasiveness of all of the evidence in light of a witness's testimony. *Jacobson v. American Tool Cos., Inc.*, 222 Wis. 2d 384, 390, 588 N.W.2d 67 (Ct.

App. 1998); *see also* **State v. Echols**, 175 Wis. 2d 653, 671, 499 N.W.2d 631 (1993) (this court will not substitute its judgment for that of the circuit court "as to the credibility of disputed testimony in relation to historical or evidentiary facts").

¶13     Further support for the circuit court's determination is found in the transcript of Zuniga's May 2020 initial appearance, which reflects that the circuit court informed Zuniga that "[t]he term of confinement in prison portion of the bifurcated sentence shall be at least five years." Likewise, the transcript of the August 2020 status conference reflects that the court said that the "confinement period should not be less than five years, unless the Court finds a compelling reason on the record," and that the court also displayed the amended information describing this presumptive minimum at that hearing.

¶14     Beyond all that, the circuit court explained that it did not find Zuniga's testimony persuasive given the evidence to the contrary, including "that on two separate dates court officials went over that information with [him]," trial counsel "testified that he went over that information with [him]," and the information was given to him in "three court documents, the complaint, the information, and the amended information that were provided to [him]."

¶15     In sum, the record supports the circuit court's factual finding that Zuniga was aware of the presumptive minimum sentence he was facing before he entered his plea. Therefore, the court's factual finding is not clearly erroneous, supporting the court's decision to deny Zuniga's postconviction motion.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.