STATE of Wisconsin, Plaintiff-Respondent,

v.

James Lee JOHNSON, Defendant-Appellant.†

Court of Appeals

*No. 2011AP348–CR. Submitted on briefs December 6, 2011.
—Decided January 24, 2012.*

2012 WI App 21

(Also reported in 811 N.W.2d 441.)

† Petition for Review filed.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Melinda A. Swartz*, assistant state public defender of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *J.B. Van Hollen*, attorney general and *Aaron R. O'Neil*, assistant attorney general.

Before Curley, P.J., Fine and Kessler, JJ.

¶ 1. KESSLER, J. James Lee Johnson appeals a judgment of conviction for second-degree sexual assault of a child, as well as an order denying his motion for plea withdrawal.[1] Johnson argues that the circuit court did not inform him that it was not bound by the plea agreement, although the circuit court accepted the agreement, contrary to *State v. Hampton*, 2004 WI 107, ¶ 32, 274 Wis. 2d 379, 683 N.W.2d 14. Because we conclude that no manifest injustice occurred and that the circuit court's error was harmless, we affirm.

## BACKGROUND

¶ 2. According to the criminal complaint, on August 7, 2008, Johnson was charged with two counts of second-degree sexual assault of a child. The complaint alleged that Johnson engaged in sexual contact with his minor daughter, S.J., on numerous occasions. The first count was based on contact that occurred between March 1, 2008 and June 15, 2008. The second count was based on contact that occurred between June 16, 2008 and August 15, 2008.

¶ 3. Pursuant to a plea agreement, Johnson agreed to plead guilty to the first count in exchange for the State's recommendation to dismiss and read in the second count. At the plea hearing, the circuit court explained the State's recommendation, the rights Johnson would be giving up by entering a plea agreement and the maximum penalties Johnson faced if he pled guilty to the first count. The circuit court thoroughly questioned Johnson and his counsel to ascertain whether Johnson understood the Plea Questionnaire/

---

[1] Johnson died on January 2, 2011. This does not moot his appeal. *See State v. McDonald*, 144 Wis. 2d 531, 539, 424 N.W.2d 411 (1988).

Waiver of Rights and Addendum. The circuit court also made various other inquiries in compliance with Wis. Stat. § 971.08 (2007–08),[2] *State v. Bangert*, 131 Wis. 2d 246, 389 N.W.2d 12 (1986), and its progeny. The circuit court did not, however, inform Johnson that it was not bound by the plea agreement, as required by *Hampton*, 274 Wis. 2d 379, ¶ 32.

¶ 4. Johnson pled guilty to the first count of second-degree sexual assault of a child and admitted to having sexual contact with S.J. on at least two occasions. The circuit court accepted the plea agreement. Johnson was sentenced to thirty-five years, consisting of twenty years of initial confinement and fifteen years of extended supervision, consecutive to any time Johnson was already serving.

¶ 5. Following his sentencing, Johnson filed a notice of intent to pursue postconviction relief. Johnson's appellate counsel filed a no-merit notice of appeal. We issued an order directing Johnson's appellate counsel to either file a supplemental no-merit report addressing the circuit court's failure to inform Johnson that it was not bound by the plea agreement, or to file a motion to dismiss the no-merit appeal. Johnson's appellate counsel filed a notice of voluntary dismissal. We issued an order rejecting the no-merit appeal and extended the deadline for Johnson's appellate counsel to file a postconviction motion.

¶ 6. Johnson, by the same appellate counsel, then filed a motion seeking to withdraw his guilty plea on the grounds that the circuit court violated *Bangert* and *Hampton* when it did not inform Johnson that it was

---

[2] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

not bound by the plea agreement. The circuit court denied the motion. This appeal follows.

## DISCUSSION

¶ 7.   On appeal, Johnson argues that he was entitled to an evidentiary hearing on his motion to withdraw his guilty plea because the circuit court did not advise Johnson that it was not bound by the plea agreement, as required by *Bangert* and *Hampton*. Therefore, Johnson asserts, his plea was not entered knowingly, voluntarily and intelligently because he did not understand that the circuit court was not bound by the plea agreement. We disagree.

## I.   Standard of Review.

■■■■

¶ 8.   "When a defendant seeks to withdraw a guilty plea after sentencing, he must prove, by clear and convincing evidence, that a refusal to allow withdrawal of the plea would result in 'manifest injustice.' " *State v. Brown*, 2006 WI 100, ¶ 18, 293 Wis. 2d 594, 716 N.W.2d 906 (citation omitted). "One way for a defendant to meet this burden is to show that he did not knowingly, intelligently, and voluntarily enter the plea." *Id.* "When a guilty plea is not knowing, intelligent, and voluntary, a defendant is entitled to withdraw the plea as a matter of right because such a plea 'violates fundamental due process.' " *State v. Hoppe*, 2009 WI 41, ¶ 44, 317 Wis. 2d 161, 765 N.W.2d 794 (citation and one set of quotation marks omitted). "Whether a plea is knowing, intelligent, and voluntary is a question of constitutional fact." *Brown*, 293 Wis. 2d 594, ¶ 19. "We accept the circuit court's findings of historical and evidentiary facts un-

426

less they are clearly erroneous but we determine independently whether those facts demonstrate that the defendant's plea was knowing, intelligent, and voluntary." *Id.*

## II. Johnson is not entitled to withdraw his guilty plea.

### A. Relevant Law.

¶ 9. WISCONSIN STAT. § 971.08 provides certain requirements for ensuring that a defendant's guilty plea is knowing, voluntary and intelligent. *See id.* Our supreme court has provided additional requirements in *Bangert* and subsequent cases, including *Hampton. See Brown,* 293 Wis. 2d 594, ¶ 23. Specifically, circuit courts are required to do the following at plea hearings:

> 1. Determine the extent of the defendant's education and general comprehension so as to assess the defendant's capacity to understand the issues at the hearing;
>
> 2. Ascertain whether any promises, agreements, or threats were made in connection with the defendant's anticipated plea, his appearance at the hearing, or any decision to forgo an attorney;
>
> 3. Alert the defendant to the possibility that an attorney may discover defenses or mitigating circumstances that would not be apparent to a layman such as the defendant;
>
> 4. Ensure the defendant understands that if he is indigent and cannot afford an attorney, an attorney will be provided at no expense to him;
>
> 5. Establish the defendant's understanding of the nature of the crime with which he is charged and the range of punishments to which he is subjecting himself by entering a plea;

6. Ascertain personally whether a factual basis exists to support the plea;

7. Inform the defendant of the constitutional rights he waives by entering a plea and verify that the defendant understands he is giving up these rights;

8. Establish personally that the defendant understands that the court is not bound by the terms of any plea agreement, including recommendations from the district attorney, in every case where there has been a plea agreement;

9. Notify the defendant of the direct consequences of his plea; and

10. Advise the defendant that "If you are not a citizen of the United States of America, you are advised that a plea of guilty or no contest for the offense [or offenses] with which you are charged may result in deportation, the exclusion from admission to this country or the denial of naturalization, under federal law," as provided in WIS. STAT. § 971.08(1)(c).

*State v. Cross*, 2010 WI 70, ¶ 18, 326 Wis. 2d 492, 786 N.W.2d 64 (citation omitted). "If the circuit court fails at one of these duties (also called a '*Bangert* violation'), the defendant *may* be entitled to withdraw his plea." *Cross*, 326 Wis. 2d 492, ¶ 19 (emphasis added).

**B. Johnson has not demonstrated that a "manifest injustice" has occurred.**

██

¶ 10.   Johnson argues that the circuit court's failure to personally establish that he understood that the court was not bound by the plea agreement entitles him to an evidentiary hearing because his plea was not

428

entered knowingly, voluntarily or intelligently.[3] Whether Johnson has pointed to a deficiency that violates the circuit court's mandatory duties presents a question of law that we review *de novo. See Brown*, 293 Wis. 2d 594, ¶ 21. Likewise, whether Johnson "has sufficiently alleged that he did not know or understand information that should have been provided at the plea hearing is a question of law." *See id.*

¶ 11. Our supreme court recently addressed a similar issue in *Cross. See id.*, 326 Wis. 2d 492. In *Cross*, the defendant pled guilty to second-degree sexual assault of a child and was informed by the court, the State, and his defense counsel that he faced a potential penalty of forty years imprisonment with twenty-five years of initial confinement. *Id.*, ¶ 1. Cross was given

---

[3] Johnson relies on an unpublished court of appeals opinion, *State v. Mulder*, No. 2009AP2306, unpublished slip op. (WI App July 27, 2010), to support his arguments. *See* Wis. Stat. § 809.23(3) (Unpublished opinions issued on or after July 1, 2009, may be cited for their persuasive value, but are not binding on us.). In *Mulder*, we reversed a portion of the circuit court's order because we concluded that the circuit court's failure to inform Mulder that it was not required to accept the plea agreement rendered the plea colloquy deficient. *See id.*, No. 2009AP2306, ¶ 23. Although Johnson draws parallels between *Mulder* and the instant case, we note that the two cases are factually different and that our holding in *Mulder* is not applicable here. In *Mulder*, there were an abundance of procedural errors that ultimately led Mulder to three resentencing hearings, the last of which was the result of his appeal. *See id.*, ¶¶ 3–8. Unlike *Mulder*, Johnson's only complaint is that the circuit court erred when it did not inform Johnson that it was not bound by the plea agreement. However, he does not suggest that he was in any way prejudiced by that failure as the court in fact dismissed the second count as proposed in the plea agreement.

the maximum sentence. *Id.* Upon learning that he should have been subject to thirty years imprisonment with twenty years of initial confinement, Cross filed a motion requesting a plea withdrawal. *Id.*, ¶¶ 1–2. The circuit court denied Cross's motion, but granted his motion for resentencing. *Id.*, ¶ 2. Cross again received the maximum sentence. *Id.* Cross appealed, arguing that his plea was not entered knowingly, voluntarily or intelligently because he was incorrectly informed as to his maximum potential sentence prior to entering his guilty plea, in violation of the *Bangert* line of cases. *See Cross*, 326 Wis. 2d 492, ¶¶ 2–4. In determining whether Cross understood the nature of the crime he was charged with and the range of the penalty he faced, the supreme court concluded that no *Bangert* violation occurred because Cross pled guilty with the understanding that he faced a higher, but not substantially higher, penalty. *Cross*, 326 Wis. 2d 492, ¶ 4. Therefore, no due process violation occurred as Cross could not demonstrate a manifest injustice. *Id.*, ¶¶ 41–42.

■

¶ 12. The only defect at issue in this appeal is whether a *Bangert/Hampton* violation occurred when the circuit court did not inform Johnson that it was not bound by the plea agreement. The State concedes that the circuit court erred; however, given that the circuit court accepted the plea agreement, Johnson has not demonstrated that withdrawal of his plea "is necessary to correct a manifest injustice." *See Cross*, 326 Wis. 2d 492, ¶ 42. "A manifest injustice occurs when there has been 'a serious flaw in the fundamental integrity of the plea.' " *Id.* (citation omitted). Johnson was not affected by the defect in his plea colloquy; in fact, he received the benefit of the plea agreement. The criminal complaint charged Johnson with two counts of second-degree

sexual assault of a child. Each charge carried a maximum prison sentence of forty years. *See* Wis. Stat. §§ 948.02(2), 939.50(3)(c). In accepting the State's recommendation and dismissing the second count, the circuit court reduced Johnson's potential prison time by forty years. Johnson, therefore, was not subject to a manifest injustice as the circuit court's failure to inform him that it was not bound by the plea agreement was an "insubstantial defect[]." *See Cross*, 326 Wis. 2d 492, ¶ 32.

¶ 13. In applying the rationale from *Cross*, therefore, we follow the supreme court's reasoning that "requiring an evidentiary hearing for every small deviation from the circuit court's duties during a plea colloquy is simply not necessary for the protection of a defendant's constitutional rights." *Id.*, ¶ 32. "The *Bangert* requirements exist as a framework to ensure that a defendant knowingly, voluntarily, and intelligently enters his plea. We do not embrace a formalistic application of the *Bangert* requirements that would result in the abjuring of a defendant's representations in open court for insubstantial defects." *Cross*, 326 Wis. 2d 492, ¶ 32. Because the circuit court accepted the plea bargain, Johnson cannot demonstrate a violation of his constitutional rights.

## C. The circuit court's error was harmless.

¶ 14. We also conclude that *Cross* implicitly allows for us to hold the error at issue harmless. *See id.*, 326 Wis. 2d 492, ¶ 36 (In discussing an insubstantial error during a plea colloquy, the supreme court stated "[b]y clear implication, the failure of the defendant to know

431

and understand the precise maximum is subject to a harmless error test. It is not a per se violation of the defendant's due process rights."). The test for harmless error is "whether there is a reasonable possibility that the error contributed" to the outcome. *State v. Dyess*, 124 Wis. 2d 525, 543, 370 N.W.2d 222 (1985). "The standard for evaluating harmless error is the same whether the error is constitutional, statutory, or otherwise. An error is harmless if it does not affect the defendant's substantial rights." *State v. Sherman*, 2008 WI App 57, ¶ 8, 310 Wis. 2d 248, 750 N.W.2d 500 (citation omitted); *see also* Wis. Stat. § 805.18(2).[4] Clearly the error did not contribute to the outcome of Johnson's plea hearing, nor were his substantial rights affected. Johnson's situation is not one in which the circuit court failed to inform him that it was not bound by the plea agreement and then imposed a larger sentence than what was recommended as part of the plea agreement. Johnson received exactly what he bargained for when the second count was dismissed. Further, Johnson does not claim that he would not have pled guilty, or admitted in open court to sexually assaulting his daughter, had the court expressly informed him that it did not have to dismiss the second count. Johnson, therefore, has not demonstrated that this plea was not entered into knowingly, voluntarily or intelligently.

---

[4] Wisconsin Stat. § 805.18(2) provides:

No judgment shall be reversed or set aside or new trial granted in any action or proceeding on the ground of selection or misdirection of the jury, or the improper admission of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court to which the application is made, after an examination of the entire action or proceeding, it shall appear that the error complained of has affected the substantial rights of the party seeking to reverse or set aside the judgment, or to secure a new trial.

¶ 15. Like the supreme court in *Cross*, we also conclude that Johnson's admission at the plea hearing that he had sexual contact with S.J. on at least two occasions "should not be thrown aside." *See id.*, 326 Wis. 2d 492, ¶ 43. Johnson entered a favorable plea agreement in which the second count of second-degree sexual assault of a child was dismissed, thereby reducing his potential prison exposure by forty years. The circuit court's error was harmless.

## CONCLUSION

¶ 16. We conclude that Johnson failed to meet the heavy burden of establishing by clear and convincing evidence that he was entitled to withdraw his guilty plea after sentencing. Such a burden reflects the State's substantial interest in finality and recognizes that "the presumption of innocence no longer exists." *See State v. Thomas*, 2000 WI 13, ¶ 16, 232 Wis. 2d 714, 605 N.W.2d 836. Allowing Johnson to withdraw his guilty plea would not correct a manifest injustice because no manifest injustice occurred in this case. The circuit court's error was harmless. We therefore affirm the circuit court.

*By the Court.*—Judgment and order affirmed.