COURT OF APPEALS
DECISION
DATED AND FILED

March 4, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP440-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2023CM111

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

A. M. N.,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Marinette County: JANE M. SEQUIN, Judge. *Affirmed*.

¶1      STARK, P.J.[1]  Aiden[2] appeals an order of commitment for his treatment to competency under WIS. STAT. § 971.14.  Aiden argues that the circuit

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2023-24)  All references to the Wisconsin Statutes are to the 2023-24 version unless otherwise noted.

court violated his right to be personally present at an evidentiary hearing pursuant to WIS. STAT. § 971.04(1) when the court held a competency hearing with Aiden appearing via Zoom.[3] We conclude that Aiden's statutory right to appear in person was violated but that this error was harmless. Accordingly, we affirm the court's order of commitment for treatment to competency.

## BACKGROUND

¶2 In October 2023, Aiden was charged with two misdemeanors: one count of mistreating animals, and one count of obstructing an officer. Aiden failed to appear at a hearing scheduled for his initial appearance and to set bail, and the State raised concerns regarding Aiden's mental health. The circuit court noted that Aiden was found incompetent in 2020, sua sponte ordered an evaluation of Aiden's competency, and subsequently scheduled a status conference.

¶3 Doctor Brandon Reintjes, a psychologist, examined Aiden and filed a report opining that Aiden "lack[ed] substantial mental capacity to understand the proceedings and assist in his own defense" but that he was likely to be restored to competency if he were provided with treatment. Reintjes recommended that the circuit court find Aiden incompetent and commit him to a mental health institute for treatment to competency.

---

[2] Aiden's appeal was filed prior to the passage of WIS. STAT. RULE 809.109, which now provides that appeals from orders under WIS. STAT. § 971.14 are confidential. *See* § 809.109(6). On March 5, 2024, this court granted A.M.N.'s motion to amend the caption in this appeal to refer to him by his initials. For ease of reading, throughout this opinion, we refer to A.M.N using a pseudonym.

[3] Zoom is an internet-based live audiovisual conferencing platform. *See generally* WIS. STAT. § 967.08.

¶4      Aiden appeared at the status conference via Zoom.  The circuit court asked Aiden if he wanted to be represented by counsel, to which Aiden responded, "I'm going to object….  I don't approve of any type of Zoom conference as a day in court.  It's not acceptable to me."  The court then stated, "Okay.  Well, it's acceptable … to the [c]ourt, so we're going to proceed by Zoom today.  So, do you want to have an attorney representing you?"  Aiden refused to respond.  The court then scheduled the competency hearing for December 11, 2023, and stated that it would contact the public defender's office "to see if they are able to appoint somebody to represent [Aiden]."  At no point during this status conference did the court conduct a colloquy with Aiden regarding his right to personally appear, nor did Aiden waive that right.

¶5      Aiden appeared at the December 11, 2023 hearing via live Zoom.  Aiden was not represented at this hearing, but he requested an attorney.  The State informed the circuit court that it had contacted the public defender's office, the office had tried to contact Aiden, but Aiden "would not speak with anyone from the office."  The court told Aiden that he needed to cooperate with the public defender's office in order to obtain counsel and rescheduled the competency hearing for December 19, 2023.  While the court was scheduling the competency hearing, Aiden stated, "I would like to request that this is not a Zoom trial.  I don't think that's appropriate.  I would like it in person….  [A]n in-person court date instead of the Zoom court date."  The court responded that Aiden could speak to his attorney about this issue once an attorney was appointed.

¶6      At the December 19, 2023 competency hearing, Aiden again appeared via Zoom and was represented by counsel, who was in the courtroom.  Aiden objected to the circuit court entering a finding that he was incompetent.  Upon being informed that his objection to the incompetency finding meant that

Dr. Reintjes would testify at the hearing, Aiden requested that he be physically present in the courtroom to confront any witnesses. The court denied Aiden's request to be physically present, stating, "[Y]ou are able to appear via the videoconference, so I'm going to continue that."[4] Aiden then responded, "I believe it's a constitutional right to be able to confront my witness, so my constitutional rights are being violated with your denial of that." The court asked Aiden's counsel for his opinion on this matter, and Aiden's counsel stated that Aiden's right of confrontation is separate and distinct from his right to be physically present. The court again denied Aiden's request to be physically present. At no point during this interaction did the court conduct a colloquy with Aiden regarding his right to be physically present, nor did Aiden waive that right.

¶7 Doctor Reintjes testified at the hearing via Zoom.[5] He opined that Aiden was not competent to proceed in the criminal case at that time because, during his examination of Aiden, Aiden displayed "symptoms of a mental illness that were impeding in his ability to rationally, adequately apply any knowledge of the current legal situation."

¶8 At that point, Aiden interjected and stated, "Excuse me. I was disconnected from the conference.… I missed a lot of what the doctor said." Consequently, the circuit court had the State re-ask its question, and Dr. Reintjes

---

[4] We note our concern regarding the summary manner in which the circuit court ignored Aiden's statutory right to be physically present at the hearing.

[5] Aiden did not object to Dr. Reintjes testifying via Zoom.

answered the question again, at which point Aiden objected.[6] Reintjes then opined that Aiden suffers from schizophrenia and that his schizophrenia would "impact" his ability to interact with his attorney. Based on Aiden's treatment record, Reintjes surmised that with treatment Aiden would be restored to competency within the statutory period. Reintjes' report was admitted into evidence without objection. Aiden's counsel then cross-examined Reintjes, and, after his counsel gave a closing argument, Aiden gave his own closing argument.

¶9 Based on Dr. Reintjes' testimony and report, the circuit court found that there was clear and convincing evidence that Aiden was not competent to proceed with the criminal charges but it concluded that Aiden was likely to become competent within the statutory period. The court then suspended the proceedings and ordered that Aiden be committed to the Department of Health Services at an inpatient facility so that he could be restored to competency.

¶10 After a hearing in March 2024, Aiden was found to be competent to stand trial and the proceedings were reinstated. On May 3, 2024, Aiden entered into a deferred judgment agreement, which provided that if Aiden successfully complied with the agreement's conditions for one year, both charges against Aiden would be dismissed. After conducting a colloquy, the circuit court approved the deferred judgment agreement. Aiden now appeals the court's order of commitment for treatment to competency.

---

[6] Although Aiden was represented by counsel at the competency hearing, Aiden himself raised this "objection." Aiden did not explain to what he was objecting or the basis for his objection. The circuit court did not rule on Aiden's "objection," and the State then asked Dr. Reintjes its next question. Aiden does not raise any arguments on appeal regarding this "objection."

**DISCUSSION**

¶11    Aiden argues that the circuit court violated his statutory right to appear in person at the competency hearing when the court proceeded with the hearing over his objection and permitted him to appear only via Zoom.[7]  This issue requires the application of a statutory provision to undisputed facts, which presents a question of law that we review de novo, while benefiting from the circuit court's analysis.  *See State v. Houghton*, 2015 WI 79, ¶18, 364 Wis. 2d 234, 868 N.W.2d 143.  Our analysis also requires us to determine whether the harmless error rule applies, and if so, whether to apply it in this case, which present questions of law that we review de novo.  *See State v. Nelson*, 2014 WI 70, ¶18, 355 Wis. 2d 722, 849 N.W.2d 317.

¶12    WISCONSIN STAT. § 971.04(1) provides that "[e]xcept as provided in subs. (2) and (3), the defendant shall be present personally or as provided under [WIS. STAT. §] 967.08:"

>     (a) At the arraignment;

>     (b) At trial;

---

[7] The State argues that Aiden's appeal is moot because he was subsequently restored to competency and the misdemeanor charges were resolved by Aiden entering into a deferred judgment agreement.  Aiden responds by likening his circumstances to those of the appellant in *Sauk County v. S.A.M.*, 2022 WI 46, 402 Wis. 2d 379, 975 N.W.2d 162, where our supreme court concluded that an individual's appeal of orders for his involuntary commitment and for his involuntary medication and treatment was not moot because of the collateral consequences of the expired orders—specifically, the cost of care and the firearms ban associated with the orders.  *Id.*, ¶¶7, 20, 27.

Aiden argues that, like the defendant in *S.A.M.*, he remains liable for the cost of care resulting from the circuit court's order of commitment for treatment.  The State has not argued otherwise.  We agree with Aiden that the collateral consequence of the cost of care renders his appeal not moot.

(c) During voir dire of the trial jury;

(d) At any evidentiary hearing;

(e) At any view by the jury;

(f) When the jury returns its verdict;

(g) At the pronouncement of judgment and the imposition of sentence;

(h) At any other proceeding when ordered by the court.

Section 967.08(2) provides that "[t]he [circuit] court may permit any criminal proceeding under [WIS. STAT.] chs. 968 to 973 to be conducted by telephone or live audiovisual means if both parties consent to do so." Further, § 967.08(4) states that "[i]f any party objects to the use of telephone or live audiovisual means for a critical stage of the proceedings, the court shall sustain the objection."

¶13 The following facts are uncontested: (1) Aiden's competency hearing was an evidentiary hearing under WIS. STAT. § 971.04(1)(d); (2) the hearing was for a criminal proceeding under WIS. STAT. chs. 968 to 973; (3) the hearing was a critical stage of the proceedings under WIS. STAT. § 967.08(4); and (4) Aiden objected to appearing at the hearing via Zoom.

¶14 The State concedes that Aiden's statutory right to appear in person was violated. The State argues, however, that a "violation of [WIS. STAT.] § 971.04(1) does not automatically translate into a constitutional violation," and Aiden "must show that the remote hearing procedure denied him a fair and just hearing." In response, Aiden argues that he "is entitled to a remedy for the violation of his statutory right to be present and he never claimed his constitutional right to be present was independently violated."

¶15 Aiden is correct that, on appeal, he raises only the issue of a statutory violation, and he does not argue that his constitutional right to appear in person was violated.[8] The State does not address Aiden's independent statutory violation claim as such, but we will consider below its argument regarding whether Aiden received a fair and just hearing. In doing so, we conclude that the circuit court erred by violating Aiden's statutory right to be present at the competency hearing, but that error was harmless.

¶16 We are not aware of any case concluding that the harmless error rule applies to a violation of WIS. STAT. § 971.04(1), nor does Aiden cite legal authority affirmatively stating that the harmless error rule does not apply to a statutory violation of his right to personally appear at the competency hearing. Aiden does cite *State v. Koopmans*, 210 Wis. 2d 670, 563 N.W.2d 528 (1997), in which our supreme court concluded that there was a violation of § 971.04(1), vacated the defendant's sentence, and remanded the cause to the circuit court. *Koopmans*, 210 Wis. 2d at 679-80. Aiden argues that the lack of any harmless

---

[8] In one sentence in his brief-in-chief, Aiden states, "Due process guarantees a defendant 'the right to be present at any stage of a criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure.'" At no other point in his briefing does Aiden mention due process or any other constitutional violation. In his reply brief, Aiden affirmatively states that he "never claimed his constitutional right to be present was independently violated," and he develops no independent argument regarding a violation of his constitutional rights. We therefore do not further address any due process or other constitutional claim. *See Industrial Risk Insurers v. American Eng'g Testing, Inc.*, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82 ("Arguments unsupported by legal authority will not be considered, and we will not abandon our neutrality to develop arguments." (citations omitted)).

error analysis in *Koopmans* means he is entitled to relief upon proving that his statutory right was violated.[9]

¶17    We reject Aiden's argument that our supreme court's silence in *Koopmans* on the issue of harmless error means that he is automatically entitled to relief.  WISCONSIN STAT. § 805.18[10] provides:

> (1) The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party.
>
> (2) No judgment shall be reversed or set aside or new trial granted in any action or proceeding on the ground of selection or misdirection of the jury, or the improper admission of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court to which the application is made, after an examination of the entire action or proceeding, it shall appear that the error complained of has affected the substantial rights of the party seeking to reverse or set aside the judgment, or to secure a new trial.

Our supreme court has characterized this language as providing "a 'strong presumption' that an error is subject to a harmless-error review."  *Nelson*, 355

---

[9] Aiden additionally cites *State v. Anderson*, 2017 WI App 17, 374 Wis. 2d 372, 896 N.W.2d 364, arguing that in *Anderson* we held that a violation of the defendant's statutory right to appear in person entitled the defendant to relief.  *See id.*, ¶2.  Aiden misunderstands *Anderson*'s holding.  In *Anderson*, we concluded that the defendant's statutory right was violated.  *See id.*, ¶55.  However, our analysis did not end there; we then considered the State's argument that the violation of the defendant's statutory right was harmless.  *Id.*, ¶56.  We acknowledged the defendant's argument that it was "not clear that the harmless error rule applies" to the applicable statutory violation.  *Id.*  We then concluded that we did not need to resolve the issue of whether the harmless error rule applied because, even if it did, the State failed to meet its burden of demonstrating that the error was harmless.  *Id.*  Thus, our decision in *Anderson* does not dictate that Aiden is automatically entitled to relief in this matter upon proving a statutory violation.

[10] WISCONSIN STAT. § 805.18 is "made applicable to criminal proceedings by WIS. STAT. § 972.11(1)."  *State v. Nelson*, 2014 WI 70, ¶29, 355 Wis. 2d 722, 849 N.W.2d 317.

Wis. 2d 722, ¶29 (citation omitted). Aiden fails to overcome this strong presumption.

¶18 In *Nelson*, our supreme court analyzed the applicability of the harmless error rule, noted that Wisconsin's harmless error rule has a federal counterpart, and turned to the United States Supreme Court's analysis regarding the application of the federal harmless error rule. *Id.*, ¶¶29-30. Our supreme court noted that the United States Supreme Court has set forth "a dichotomy of error types"—trial errors and structural errors—and that the Wisconsin Supreme Court has "embraced this framework." *Id.*, ¶¶30-31.

¶19 Our supreme court then noted that only one class of errors—structural errors—is not subject to the harmless error rule, because such errors are "so intrinsically harmful as to require automatic reversal." *Id.*, ¶30 (citation omitted). "The United States Supreme Court has found structural error in only a 'very limited class of cases,'" such as cases involving a biased trial judge, racial discrimination in grand jury selection, and denial of self-representation at trial. *State v. Ford*, 2007 WI 138, ¶43 & n.4, 306 Wis. 2d 1, 742 N.W.2d 61 (citation omitted). Aiden does not argue that a violation of WIS. STAT. § 971.04(1) is a structural error, nor does he argue that this violation was "so intrinsically harmful as to require automatic reversal." Accordingly, we conduct a harmless error analysis.

¶20 "The standard for evaluating harmless error is the same whether the error is constitutional, statutory, or otherwise." *State v. Johnson*, 2012 WI App 21, ¶14, 339 Wis. 2d 421, 811 N.W.2d 441 (citation omitted). "Wisconsin's harmless error rule … prohibits reversal in those [criminal] cases for errors that do not affect the substantial rights of a defendant." *Nelson*, 355 Wis. 2d 722, ¶29.

As the beneficiary of the error, the State bears the burden of proving "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *State v. Mayo*, 2007 WI 78, ¶47, 301 Wis. 2d 642, 734 N.W.2d 115 (citations omitted).

¶21     As noted above, the State argues that the violation of Aiden's right to be physically present at his competency hearing did not affect his substantial rights, given that Aiden received a fair and just hearing.[11]  The sole witness at the hearing, Dr. Reintjes, also appeared at the hearing via Zoom; thus, we agree with the State that Aiden "would not have received any meaningful benefit by being physically present at the hearing."  The State also notes that Aiden did not object to Reintjes appearing via Zoom, and the circuit court found, as a factual matter, that Aiden was able to see and hear all of the participants at the hearing.  The State further asserts that Aiden personally had the opportunity to, and did, voice objections "to what he felt was improper."  In response, Aiden argues that at one point in the competency hearing, he was "disconnected from the conference" and "missed a lot of what the doctor said."

¶22     We agree with the State that while Aiden's statutory right to be physically present at his competency hearing was violated, he received a fair and

---

[11] Because the State analyzed Aiden's argument as raising a constitutional issue rather than a statutory issue, the State phrases its argument as Aiden having had a "fair and just hearing," rather than the statutory violation being a harmless error.  Regardless, we note that "[t]he harmless error rule … is an injunction on the courts, which, if applicable, the courts are required to address regardless of whether the parties do." *State v. Harvey*, 2002 WI 93, ¶47 n.12, 254 Wis. 2d 442, 647 N.W.2d 189; *see also* WIS. STAT. § 805.18(2); *State v. Pinno*, 2014 WI 74, ¶130, 356 Wis. 2d 106, 850 N.W.2d 207 (Abrahamson, C.J., dissenting) ("[A] statutory mandate serves as a requirement on the courts themselves.  The courts are obligated to obey those mandates, *sua sponte*, regardless of the parties' positions.").  We therefore determine whether the circuit court's error in failing to permit Aiden to personally appear at the competency hearing was harmless beyond a reasonable doubt.

just hearing. This error was therefore harmless because, Aiden's appearance by Zoom, rather than in person, did not affect his substantial rights. Immediately after Aiden alerted the circuit court to being disconnected, the court had the State re-ask its question and Dr. Reintjes again answered the question. Further, Aiden clearly heard Reintjes' repeated answer, as Aiden stated that he "objected" to Reintjes' opinion. As the State argues, Aiden would not have received any additional benefit from being physically present, as Dr. Reintjes was the sole witness and also appeared via Zoom. In addition, Aiden was represented by counsel, who was physically present in the courtroom during the hearing, and Aiden does not assert that he was unable to fully participate in the hearing. Aiden does not argue that the court's finding that he could see and hear the proceedings was clearly erroneous.

¶23 Our decision—namely, that the violation of Aiden's statutory right to be present was harmless—should not be viewed as an invitation to the circuit courts to disregard parties' statutory rights. Any court that ignores a party's statutory right to be physically present runs the risk of failing to provide a litigant with a fair and just hearing and having its orders vacated. Here, the circuit court should have followed the requirements of WIS. STAT. § 971.04(1). It is only under the factual circumstances present in this case that we conclude the court's clear error was harmless.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

12