COURT OF APPEALS
DECISION
DATED AND FILED

**January 13, 2026**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP315-CRAC**

Cir. Ct. No. **2016CF921**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

---

STATE OF WISCONSIN,

  PLAINTIFF-RESPONDENT,

 V.

SHANE M. HELMBRECHT,

  DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for Eau Claire County: SARAH M. HARLESS, Judge. *Affirmed*.

Before Stark, P.J., Hruz, and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. On September 17, 2024, Shane M. Helmbrecht was found competent to proceed to trial on a charge of first-degree intentional

homicide. Helmbrecht filed a notice of intent to pursue postdisposition relief with respect to that decision; however, on December 9, 2024, his attorney filed a motion for a postdisposition competency evaluation. Counsel asserted that he had reason to doubt Helmbrecht's competency to assist in postdisposition and appellate proceedings, but he did not provide any specific reasons in support of that opinion, citing his duty of confidentiality and his belief that Helmbrecht was not capable of providing informed consent to waive that duty. The circuit court denied Helmbrecht's motion for a postdisposition competency evaluation, reasoning that Helmbrecht's attorney had not provided any reason for the court to revisit its recent determination regarding Helmbrecht's competency.

¶2 Helmbrecht now appeals, arguing that the circuit court erroneously exercised its discretion by denying his motion for a postdisposition competency evaluation without first ordering his attorney "to provide an affidavit with his reasons for raising competency."[1] We conclude that Helmbrecht forfeited his argument that the court should have ordered his attorney to provide an affidavit setting forth his reasons for doubting Helmbrecht's competency because Helmbrecht failed to adequately raise that issue in the circuit court. We further conclude that, on the record before it, the court did not erroneously exercise its discretion by denying Helmbrecht's motion for a postdisposition competency evaluation. We therefore affirm.

---

[1] By order dated October 23, 2025, this appeal was advanced for decision, pursuant to WIS. STAT. RULE 809.20 (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

**BACKGROUND**

¶3  This case has a lengthy procedural history, involving numerous challenges to Helmbrecht's competency. On August 4, 2016, the State filed a criminal complaint charging Helmbrecht with one count of first-degree intentional homicide. Less than one month later, on August 24, 2016, Helmbrecht's trial attorney informed the circuit court that he had reason to doubt Helmbrecht's competency, and the court ordered a competency evaluation. Two psychologists subsequently examined Helmbrecht and determined that he was not competent to stand trial but was likely to regain competence with appropriate treatment. Both sides then stipulated that Helmbrecht was not competent, and the court entered an order on October 10, 2016, committing Helmbrecht to the Department of Health Services (DHS) for treatment.

¶4  Helmbrecht was admitted to the Mendota Mental Health Institute (MMHI) for treatment on November 9, 2016. On December 20, 2016, Dr. Kevin Murtaugh, a psychiatrist from MMHI, filed a report opining that Helmbrecht was competent to stand trial, as he had the substantial mental capacity to understand the proceedings and assist in his own defense. Helmbrecht disputed Murtaugh's competency determination and requested a second competency evaluation at his own expense. That examiner, psychologist Paul Caillier, opined that Helmbrecht was not competent to stand trial.

¶5  Following a competency hearing, the circuit court found that Helmbrecht was competent. Shortly thereafter, Helmbrecht moved to substitute judges, and a new judge was assigned to the case on March 6, 2017. At a scheduling conference on March 15, 2017, Helmbrecht's trial attorney asked the court to reconsider the issue of Helmbrecht's competency, and the court ordered

another competency evaluation. The examiner, psychologist Steven Benson, concluded that Helmbrecht was not competent and was not likely to become competent within the requisite statutory time frame.[2]

¶6 Given the mixed nature of the examiners' reports, the State asked the circuit court to find Helmbrecht incompetent and to order him committed to the DHS for treatment. The court complied with that request.

¶7 In July 2017, psychiatrist Laurence Trueman submitted a report to the circuit court opining that Helmbrecht was competent to stand trial. In December 2017, psychiatrist Elliot Lee submitted another report opining that Helmbrecht was competent. Helmbrecht, however, then obtained a report from another evaluator, who found him not competent.

¶8 On January 22, 2018, the circuit court found that Helmbrecht was not competent to stand trial and was not likely to regain competence within the required statutory time period. The criminal case against Helmbrecht was therefore suspended, civil commitment proceedings were initiated, and Helmbrecht was transported to the Winnebago Mental Health Institute (WMHI). Staff at WMHI determined that Helmbrecht was feigning symptoms. Eau Claire County ultimately determined that Helmbrecht was not an appropriate subject for a civil commitment under WIS. STAT. ch. 51, and it did not seek to extend his commitment following the initial six-month commitment period. Helmbrecht's

---

[2] A defendant may be committed for treatment to competency "for a period not to exceed 12 months, or the maximum sentence specified for the most serious offense with which the defendant is charged, whichever is less." *See* WIS. STAT. § 971.14(5)(a). "If a defendant who has been restored to competency thereafter again becomes incompetent, the maximum commitment period under [§ 971.14(5)(a)] shall be 18 months minus the days spent in previous commitments under this subsection, or 12 months, whichever is less." Sec. 971.14(5)(d).

bond was then revoked, and he was remanded to the custody of the Trempealeau County Healthcare Facility. On August 1, 2018, the circuit court in the instant case entered an order commanding MMHI to hold Helmbrecht pending further order of the court.

¶9 Over four years later, on November 8, 2022, the State filed a motion for another competency evaluation. According to the motion, the State had learned that Helmbrecht was residing at a "community based resource center" in Tomah, Wisconsin, "in apparent contravention of" the circuit court's August 1, 2018 order. The motion further alleged that Helmbrecht had no restrictions limiting his movement to and from the Tomah facility and that he had obtained a Wisconsin driver's license on April 6, 2021, which showed that he had "demonstrated to the Wisconsin Department of Transportation, Division of Motor Vehicles[,] that he possesses the requisite faculties necessary to safely and responsibly operate a motor vehicle on the public roadways." The State argued that this new information showed "an ability to function at least somewhat independently in society," which suggested that Helmbrecht had "potentially become competent."

¶10 On March 14, 2023, the circuit court ordered a competency evaluation. The examiner, psychologist Christina Engen, noted that Helmbrecht's "symptoms of mental illness and neuropsychological functioning have waxed and waned according to the situation" and that "the progression of his symptoms follows a pattern of secondary gain." For instance, Engen noted "an absence of psychotic symptoms when Mr. Helmbrecht has sought placement in a less restrictive environment, and a re-emergence of symptoms when facing prosecution for the underlying case." Engen stated that her evaluation of Helmbrecht provided "compelling objective evidence of symptom fabrication." However, "[g]iven the

complicated nature of this case," Engen recommended "ongoing evaluation of Mr. Helmbrecht in the hospital setting." (Formatting altered.)

¶11 After Engen submitted her report to the circuit court, Helmbrecht absconded from the facility where he was living. He was located by law enforcement in New Mexico on October 2, 2023, but the New Mexico authorities released him because he did not have a nationwide attachment order and the officers did not believe that he was mentally ill. A nationwide bench warrant was subsequently issued for Helmbrecht's arrest after he failed to appear for a hearing in this case on October 13, 2023. Helmbrecht was later located in Mexico, where he had registered in a motel using his middle name.

¶12 Helmbrecht was extradited to Wisconsin, and the circuit court entered an order for an inpatient competency evaluation on December 5, 2023. Helmbrecht was then admitted to MMHI, where his primary diagnosis was listed as "Rule out malingering." Psychologist Katelyn Grusecki subsequently performed a competency evaluation and submitted a report to the circuit court opining that malingering was "strongly indicated" and that Helmbrecht was competent to stand trial. Helmbrecht then retained Benson to perform an independent competency evaluation. Benson opined that Helmbrecht was not competent to stand trial and was not likely to become competent within the permissible statutory time frame.

¶13 The circuit court held a four-day competency hearing, which began in May 2024 and concluded on September 17, 2024. After hearing testimony from 16 witnesses, including Grusecki and Benson, the court found that the State had met its burden to prove, by the greater weight of the credible evidence, that Helmbrecht "understands or has the substantial capacity to understand the

proceedings and assist in his defense." Accordingly, the court found that Helmbrecht was competent to stand trial, and it reinstated the criminal proceedings against him.

¶14 On September 24, 2024, Helmbrecht filed a notice of intent to pursue postdisposition relief with respect to the circuit court's competency determination. *See* WIS. STAT. RULE 809.109(2)(b). However, rather than filing a postdisposition motion or notice of appeal, on December 9, 2024, Helmbrecht's postdisposition attorney filed a "Motion for Postdisposition Competency Evaluation." In the motion, counsel alleged that he had "reason to doubt" Helmbrecht's "competency to assist in postconviction and appellate proceedings." Counsel did not provide any specific reasons for his belief that Helmbrecht was incompetent. While counsel noted that a court "may rely on affidavits of counsel" when assessing a defendant's competency, counsel asserted "that the duty of confidentiality prevents the filing of an affidavit without the permission of the client or an order of the Court. SCR 20:1.6(a), (c)5." Counsel stated, "Given the nature of this motion, counsel does not believe Mr. Helmbrecht is capable of providing informed consent."

¶15 The State opposed Helmbrecht's motion for a postdisposition competency evaluation, noting that a circuit court "does not have to order a competency evaluation and hearing every time defense counsel alleges that they have reason to doubt competency" and that the mere "suggestion" by defense counsel of a reason to doubt competency, without supporting facts, is "insufficient to require an examination." The State further argued that Helmbrecht's motion was "based solely on conclusory allegations" and did not allege "a single fact that says anything about why counsel doubts his competency." The State characterized the motion as a "delay tactic designed to frustrate the Court into changing its

7

ruling by insinuating that it will have to redo competency proceedings every time Helmbrecht decides to file a motion" for a competency evaluation.

¶16     In response, Helmbrecht's attorney wrote to the circuit court, stating, in part:

> Due to undersigned counsel's ethical obligations, he cannot disclose confidential client information—including his observations of Mr. Helmbrecht that led to the initial request [for a competency evaluation]—without Mr. Helmbrecht's consent. Mr. Helmbrecht has not—and undersigned counsel believes cannot—provide this consent. However, as undersigned counsel alluded to in the motion, this Court can order undersigned counsel to provide an affidavit regarding his observations that led to the request. SCR 20:1.6(a); *State v. Debra A.E.*, 188 Wis. 2d 111, 132, 523 N.W.2d 727 (1994). This Court should not deny the request for a postconviction competency determination simply because undersigned counsel cannot ethically disclose the basis for the request, when the Court has the ability to order counsel to disclose that information.

¶17     The circuit court held a hearing on Helmbrecht's motion for a postdisposition competency evaluation on February 12, 2025. At the beginning of the hearing, the court asked Helmbrecht's attorney, "[W]as there anything you wished to add to what's been filed, any additional reasons or reasoning you wish to give to the Court for your request?" Counsel responded, "I don't think so, Your Honor. Obviously, … I have tried to state what I think the law says with regards to this matter." Counsel subsequently reiterated, "I don't have anything further to add unless the Court has specific questions."

¶18     The circuit court then denied Helmbrecht's motion for a postdisposition competency evaluation in an oral ruling. The court explained:

> [W]e recently had a very long and extensive competency hearing over the course of days where much testimony and information was presented on the record regarding Mr. Helmbrecht's competency. I found after considering

all of that information that he was, in fact, competent. And some of the information that was put on the record was information from jailers and other people that interacted with him that spoke to the change in demeanor of when he was in the courtroom and when he was in unobserved situations and certainly information indicating that his behavior, his demeanor changed, that he was, in fact, understanding things. I'm not going to reiterate everything that I've said because I think I made a fairly thorough ruling at the time that I did find based on all of the evidence presented that he was competent.

It was a recent finding, and I have not seen anything that makes me believe that that needs to be revisited or that there's any reason to believe that anything changed between that fairly recent ruling and now such that it would be appropriate to order a new competency evaluation.

¶19 Helmbrecht's attorney then sought clarification from the circuit court, stating, "I did everything I could to suggest that the Court get info—order me to file an affidavit with information which I believe might change the Court's opinion, but it sounds like the Court is not ordering that, so I want to clarify that as well." The court responded:

At this point I'm making my ruling based on the information I have, which is why I opened the hearing with you can provide any additional information you wished to the Court. I understand that can place Defense in a situation that is difficult in terms of what you can and cannot divulge. I'm making my ruling based on the information I have, and based on the information I have, I don't find it appropriate to order a competency evaluation.

¶20 The circuit court subsequently entered a written order denying Helmbrecht's motion for a postdisposition competency evaluation, stating the motion was denied because the court had not "been presented with any evidence that would make it question its September 17, 2024 determination as to the defendant's competency." Helmbrecht now appeals from that order.

**DISCUSSION**

¶21     On appeal, the parties dispute, as an initial matter, whether defendants "on appeal from competency-related orders must be competent to assist postdisposition counsel."  (Formatting altered.)  Helmbrecht argues that a defendant must be competent to assist his or her counsel in an appeal from a competency determination, just as a defendant must be competent to assist his or her counsel in an appeal from a criminal conviction under WIS. STAT. RULE 809.30.  In support of this argument, Helmbrecht cites *Debra A.E.*, where our supreme court held that "a circuit court should determine a defendant's competency when it has reason to believe that the defendant is unable, in the postconviction relief proceedings under [RULE 809.30], to assist counsel or to make decisions committed by law to the defendant with a reasonable degree of rational understanding." *Debra A.E.*, 188 Wis. 2d at 119.

¶22     In contrast, the State argues that "[d]efendants do not need to be competent to appeal a competency finding."  (Formatting altered.)  The State argues that *Debra A.E.* is materially distinguishable from the instant case because *Debra A.E.* involved an appeal from a criminal conviction under WIS. STAT. RULE 809.30, while this case involves an appeal from a pretrial competency determination under WIS. STAT. RULE 809.109.  The State contends that an appeal from a conviction under RULE 809.30 requires a defendant to consider and provide input regarding various "factors" that can "change whether a defendant wants to appeal certain issues or appeal at all, even if there is an identifiable error in the proceedings."  According to the State, such considerations are not present with respect to an appeal from a pretrial competency determination because "the task at issue, i.e. determining whether to appeal such a finding and pursuing appeal of the order[,] requires no mental capacity of the defendant," as "putting an incompetent

defendant on trial is prohibited both by statute and by the Due Process Clause, and incompetency cannot be waived by the defendant."

¶23 For the purposes of this appeal, we assume, without deciding, that a defendant must be competent in order to appeal a pretrial order determining the defendant's competency to stand trial. We nevertheless conclude that, under the circumstances of this case, the circuit court did not err by denying Helmbrecht's motion for a postdisposition competency evaluation.

¶24 "Competency proceedings must be initiated whenever there is reason to doubt a defendant's competency to proceed." *State v. Weber*, 146 Wis. 2d 817, 823, 433 N.W.2d 583 (Ct. App. 1988); *see also* WIS. STAT. § 971.14(1r)(a). However, "[b]efore competency proceedings are required, evidence giving rise to a reason to doubt competency must be presented to the [circuit] court." *Weber*, 146 Wis. 2d at 823. Importantly, the mere "suggestion" by counsel that a defendant is incompetent is insufficient "to raise the question and thereby require the appointment of a physician to examine the defendant." *State v. McKnight*, 65 Wis. 2d 582, 595, 223 N.W.2d 550 (1974). Instead, "there must be some evidence raising doubt as to [the defendant's] competence or a motion for a determination on the question setting forth the grounds for belief that such competency is lacking." *Id.*

¶25 "Whether there is evidence giving rise to a reason to doubt competency is a question left to the sound discretion of the [circuit] court." *Weber*, 146 Wis. 2d at 823. We will sustain a discretionary decision if the circuit court "examined the relevant facts, applied a proper standard of law, and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach." *Loy v. Bunderson*, 107 Wis. 2d 400, 414-15, 320 N.W.2d 175 (1982).

¶26    In this case, Helmbrecht argues that the circuit court erroneously exercised its discretion by denying his motion for a postdisposition competency evaluation without first ordering his attorney "to provide an affidavit with his reasons for raising competency." According to Helmbrecht, his attorney's duty of confidentiality prevented counsel from informing the court of his specific reasons for doubting Helmbrecht's competency, given that counsel did not believe Helmbrecht was competent to provide informed consent for that disclosure. Helmbrecht asserts, however, that the court could have ordered his attorney to file an affidavit outlining his reasons for doubting Helmbrecht's competency, and he further contends that the court's failure to do so constituted an erroneous exercise of discretion.

¶27    We agree with the State that Helmbrecht forfeited this argument by failing to adequately raise it in the circuit court. "Arguments raised for the first time on appeal are generally deemed forfeited." *Northbrook Wis., LLC v. City of Niagara*, 2014 WI App 22, ¶20, 352 Wis. 2d 657, 843 N.W.2d 851. Moreover, to preserve an issue for appeal, a litigant must raise the issue "with sufficient prominence such that the [circuit] court understands that it is being called upon to make a ruling." *Bishop v. City of Burlington*, 2001 WI App 154, ¶8, 246 Wis. 2d 879, 631 N.W.2d 656. "The mere mention of an issue will not preserve the right of review." *State v. Hennessey*, No. 2009AP2100-CR, unpublished slip op., ¶9 (WI App Mar. 30, 2010).[3] Furthermore, "it is fundamental that a court does not erroneously exercise its discretion if it is not asked to exercise discretion in the

---

[3] An unpublished opinion that is authored by a single judge and issued on or after July 1, 2009, may be cited for its persuasive value. *See* WIS. STAT. RULE 809.23(3)(b).

12

first place." ***Shoreline Park Pres., Inc. v. DOA***, 195 Wis. 2d 750, 773 n.11, 537 N.W.2d 388 (Ct. App. 1995).

¶28     Here, Helmbrecht's attorney mentioned several times the *possibility* that the circuit court could order him to file an affidavit disclosing his reasons for doubting Helmbrecht's competency.  However, counsel never specifically asked the court to do so or argued that the court's failure to do so would constitute an erroneous exercise of discretion.  Under these circumstances, we agree with the State that Helmbrecht's counsel failed to adequately preserve this issue for appellate review.

¶29     We further conclude that, on the record before it, the circuit court did not erroneously exercise its discretion by denying Helmbrecht's motion for a postdisposition competency evaluation.  In its oral ruling, the court noted that it had recently held a "very long and extensive competency hearing," during which "much testimony and information was presented on the record regarding Mr. Helmbrecht's competency."  The court further noted that, after considering all of the evidence presented at that hearing, it had found Helmbrecht competent to stand trial.  The court then observed that Helmbrecht's attorney had not presented any new evidence that would call the court's recent competency determination into question.

¶30     As noted above, counsel's mere suggestion that a defendant is incompetent is insufficient to require a circuit court to order a competency evaluation, *see* ***McKnight***, 65 Wis. 2d at 595, and counsel must instead present evidence to the court "giving rise to a reason to doubt [the defendant's] competency," *see* ***Weber***, 146 Wis. 2d at 823.  In light of counsel's failure to provide any such evidence in this case, and given the court's recent determination

13

that Helmbrecht was competent following a four-day competency hearing, the court did not erroneously exercise its discretion by denying Helmbrecht's motion for a postdisposition competency evaluation.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.